IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

JOHN W. FERRON,
6262 Deeside Drive
Dublin, Ohio 43017,

       Plaintiff,

vs.

SUBSCRIBERBASE HOLDINGS, INC.,
c/o its registered agent, Jeffrey L. French,
3830 Forest Drive, Suite 207
Columbia, South Carolina 29204,

And

SUBSCRIBERBASE, INC.,
c/o its registered agent, Jeffrey L. French,
3830 Forest Drive, Suite 207
Columbia, South Carolina 29204,

And

CONSUMER RESEARCH
CORPORATION,
c/o its registered agent, Jeffrey L. French,
3830 Forest Drive, Suite 207
Columbia, South Carolina 29204,

       Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

08 CVH07 09532

Case No. _____

Judge _____

Designation: H

FILED
COMMON PLEAS COURT
FRANKLIN CO., OHIO
2008 JUL -2 PM 2:44
CLERK OF COURTS

### COMPLAINT FOR MONEY DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF JOHN W. FERRON, by and through his undersigned counsel, and makes the following allegations and claims against Defendants.

### The Parties

1.     PLAINTIFF JOHN W. FERRON ("Plaintiff") is a living person and individual,

who resides at the address indicated in the above caption, which is located in Delaware County, Ohio. At all times relevant hereto, Plaintiff has been a "consumer" as defined in R.C. §1345.01(D).

2. Upon information and belief, DEFENDANT SUBSCRIBERBASE HOLDINGS, INC. ("Defendant SHI" or "SHI"), is a South Carolina corporation, reasonably believed to have its principal place of business located in Columbia, South Carolina. At all times relevant hereto, upon information and belief, SHI has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer and, therefore, SHI is a "supplier" as defined in R.C. §1345.01(C).

3. Upon information and belief, DEFENDANT SUBSCRIBERBASE, INC. ("Defendant Subscriberbase" or "Subscriberbase"), is a South Carolina corporation, reasonably believed to have its principal place of business located in Columbia, South Carolina. At all times relevant hereto, upon information and belief, Subscriberbase has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer and, therefore, Subscriberbase is a "supplier" as defined in R.C. §1345.01(C).

4. DEFENDANT CONSUMER RESEARCH CORPORATION ("Defendant CRC" or "CRC"), is a South Carolina corporation, reasonably believed to have its principal place of business located in Columbia, South Carolina. At all times relevant hereto, upon information and belief, CRC, which sometimes does business as "ProductTestPanel" and/or "Product Test Panel," has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer

and, therefore, CRC is a "supplier" as defined in R.C. §1345.01(C).

## Jurisdiction and Venue

5.  This Court has original jurisdiction over the parties and the claims asserted herein.

6.  Venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within Franklin County, Ohio.

## The Claims

7.  Prior to the date of the events giving rise to Plaintiff's claims, the following court determinations were available for public inspection and on file in the office of the Ohio Attorney General in its Public Inspection File (hereafter "PIF"):

    (a) PIF #1288, *State, ex rel. Fisher v. Cheeseman*, October 25, 1991 (supplier's failure to register fictitious name with Ohio Secretary of State is an unfair and deceptive act or practice);

    (b) PIF #499, *State, ex rel. Brown v. Gem Collectors International, Ltd.*, June 9, 1983 (out-of-state corporation's failure to register to with the Ohio Secretary of State to do business in Ohio is an unfair or deceptive act or practice); and

    (c) PIF #1485, *Gravson v. Cadillac Builders*, September 14, 1995 (corporate officer may be held personally liable for his or her own actions in violation of the Consumer Sales Practices Act if the officer took part in the commission of the act, specifically directed the particular act to be done, or participated or cooperated therein).

8.  Prior to the date of the events giving rise to Plaintiff's claims, Ohio Administrative Code §109:4-3-02, §109:4-3-04 and §109:4-3-06 were adopted pursuant to R.C. §1345.05(B)(2) and in full force and effect.

9. This Complaint and all of the claims asserted in it are subject to: (a) all court determinations that were on file in the Office of the Ohio Attorney General in its Public Inspection File as of the date of the acts of Defendants complained of herein, including the court determinations referenced above in Paragraph 6; and (b) all rules adopted under R.C. §1345.05(B)(2) and effective prior to the date of the acts or practices of Defendants complained of herein, including Ohio Administrative Code §109:4-3-02, §109:4-3-04 and §109:4-3-06.

10. At all times relevant to his claims herein, Plaintiff has had the exclusive use of the following Internet email accounts which, upon information and belief, are maintained by and through Internet Service Providers located within Franklin County, Ohio: jferron@ferronlaw.com, jferron@columbus.rr.com, jackferron@aol.com, johnwferron@aol.com, miataworld@aol.com, packerboy@aol.com and johnwferron@hotmail.com (hereinafter "Plaintiff's Email Accounts").

11. Each of Plaintiff's Email Accounts, except for jferron@columbus.rr.com, is one from which Plaintiff predominantly receives and reads incoming emails, and through which Plaintiff predominantly sends outgoing emails, while Plaintiff is within Franklin County, Ohio.

12. Upon information and belief, between January 1, 2005 and the present date, Defendants, acting by and through themselves or through an authorized agent, knowingly, intentionally and purposely transmitted many email messages that passed through the servers of Plaintiff's Internet Service Providers and were forwarded to Plaintiff's Email Accounts.

13. Each of the email messages transmitted to Plaintiff's Email Accounts by Defendants or their authorized agent conveys a commercial advertisement for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily person, family, or household, or

solicitation to supply any of these things. As such, each email message that Defendants or their authorized agents transmitted to Plaintiff is a "consumer transaction" as defined in R.C. §1345.01(A).

14. Upon information and belief, in regard to each of the email messages described in the foregoing paragraphs, Defendants knowingly, intentionally and/or purposely committed one or more unfair and/or deceptive acts and/or practices in violation of R.C. §1345.02 by:

(a) using the word "free" in a consumer transaction and failing to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

(b) using the word "free" in a consumer transaction and failing to print all terms, conditions, and obligations of the offer in a type size half as large as the word "free;"

(c) using the word "free" in a consumer transaction and failing to print all terms, conditions, and obligations of the offer in close proximity with the offer of "free" goods or services;

(d) notifying a consumer that he has won a prize or will receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and failing to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(e) notifying a consumer that he has been selected, or is eligible, to win a prize or

receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and failing to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(f) notifying a consumer that he has won a prize or will receive anything of value, where such is not the case;

(g) notifying a consumer that he has been selected, or is eligible, to win a prize or receive anything of value and failing to clearly and conspicuously disclose to the consumer any and all conditions necessary to win the prize or receive anything of value;

(h) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose, in the same size and style of print found in the notification, that an attempt will be made to induce the consumer to undertake a monetary obligation, or that the consumer will be required to observe a sales presentation;

(i) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose, in the same size and style of print found in the solicitation, the eligibility conditions that must be met in order to receive the prize;

(j) notifying a consumer that he has won a prize or is eligible to receive something of value and failing to disclose the price reasonable consumers would pay for the

prize if it were sold in the local market;

(k) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to disclose the name, address and telephone number of the business that is actually conducting and/or sponsoring the contest or giveaway program;

(l) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to disclose the odds or chances of winning the listed prize;

(m) notifying the consumer that he has won a prize or is eligible to receive something of value and failing to clearly and conspicuously state all material exclusions, reservations, limitations, modifications, or conditions to the consumer's receipt of the prize;

(n) notifying the consumer that he has won a prize or is eligible to receive something of value where the supplier does not intend to deliver the listed prize;

(o) representing that the consumer has been specially selected to receive a bargain, discount, or other advantage when such in fact is not true;

(p) representing that the consumer is a winner of a contest when such in fact is not true;

(q) failing to register with the Ohio Secretary of State prior to doing business in Ohio; and/or

(r) failing to register a fictitious business name with the Ohio Secretary of State prior to doing business in Ohio under such fictitious name.

14. Plaintiff also seeks the Court's declaration, pursuant to R.C. §1345.09(D), that, in regard to many but not all of the email messages described in the foregoing paragraphs,

Defendants committed an act or practice that is unfair and/or deceptive and, therefore, violates R.C. §1345.02 by:

 (a) making a false and/or misleading statement in the subject line of a commercial email message sent to a consumer;

 (b) using multiple domain names from which the emails were sent in an effort to conceal or disguise the sender's true identity and to circumvent Plaintiff's efforts to block email messages from specific domains; and/or

 (c) using third parties or proxies for the registration of the domain names from which the emails were sent in an effort to conceal or disguise the sender's true identity.

## FIRST CAUSE OF ACTION

### (KNOWING VIOLATIONS OF OHIO REVISED CODE 1345.02)

15. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

16. Each of the above-described email messages that Defendants or their authorized agent transmitted to Plaintiff constitutes one or more unfair and/or deceptive sales acts and/or practices in violation of R.C. §1345.02(A).

17. Defendants' violations were "knowingly" committed, as Defendants knew they were engaging in the acts and practices described in the preceding paragraphs.

18. The acts and practices of Defendants or their authorized agents described hereinabove are acts and practices that: (a) have previously been declared to be unfair and/or deceptive acts or practices in violation of the CSPA by Ohio courts in judgments that were file in Public Information File of the Office of the Ohio Attorney General prior to the acts and practices of Defendants complained of herein; or (b) violate the provisions of the Ohio Administrative

8

Code, including but not limited to §109:4-3-02, §109:4-3-04 and/or §109:4-3-06.

19. Because Defendants knowingly violated Ohio Revised Code Section §1345.02(A), Plaintiff is entitled to: (a) an award of statutory damages against Defendants in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each violation of R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against each Defendants pursuant to R.C. §1345.09(F).

## SECOND CAUSE OF ACTION

### (DECLARATORY JUDGMENT PURSUANT TO OHIO REVISED CODE 1345.09(D))

20. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

21. Plaintiff respectfully submits that, under the circumstances presented in this case, he is entitled to the Court's entry of declaratory judgment in his favor pursuant to R.C. §1345.09(D), including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C. §1345.02(A), for a "supplier" to transmit an email message to a "consumer" in Ohio that constitutes a "consumer transaction" where the email:

(a) uses the word "free" and fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

(b) uses the word "free" and fails to print all terms, conditions, and obligations of the offer in a type size half as large as the word "free;"

(c) uses the word "free" and fails to print all terms, conditions, and obligations of the offer in close proximity with the offer of "free" goods or services;

(d) notifies a consumer that he has won a prize or will receive anything of value,

9

where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and fails to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(e) notifies a consumer that he has been selected, or is eligible, to win a prize or receive anything of value, where the receipt of the prize or thing of value is conditioned upon the consumer's observing a sales promotional effort or entering into a consumer transaction, and fails to clearly and conspicuously disclose, at the time of notification of the prize, that an attempt will be made to induce the consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction;

(f) notifies a consumer that he has won a prize or will receive anything of value, where such is not the case;

(g) notifies a consumer that he has been selected, or is eligible, to win a prize or receive anything of value and fails to clearly and conspicuously disclose to the consumer any and all conditions necessary to win the prize or receive anything of value;

(h) notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose, in the same size and style of print found in the notification, that an attempt will be made to induce the consumer to undertake a monetary obligation, or that the consumer will be required to observe a sales

presentation;

(i) notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose, in the same size and style of print found in the solicitation, the eligibility conditions that must be met in order to receive the prize;

(j) notifies a consumer that he has won a prize or is eligible to receive something of value and fails to disclose the price reasonable consumers would pay for the prize if it were sold in the local market;

(k) notifies the consumer that he has won a prize or is eligible to receive something of value and fails to disclose the name, address and telephone number of the business that is actually conducting and/or sponsoring the contest or giveaway program;

(l) notifies the consumer that he has won a prize or is eligible to receive something of value and fails to disclose the odds or chances of winning the listed prize;

(m) notifies the consumer that he has won a prize or is eligible to receive something of value and fails to clearly and conspicuously state all material exclusions, reservations, limitations, modifications, or conditions to the consumer's receipt of the prize;

(n) notifies the consumer that he has won a prize or is eligible to receive something of value where the supplier does not intend to deliver the listed prize;

(o) represents that the consumer has been specially selected to receive a bargain, discount, or other advantage when such in fact is not true;

(p) represents that the consumer is a winner of a contest when such in fact is not true;

11

(q) was sent by a person who has failed to register with the Ohio Secretary of State prior to doing business in Ohio;

(r) was sent by a person who has failed to register a fictitious business name with the Ohio Secretary of State prior to doing business in Ohio under such fictitious name;

(s) makes a false and/or misleading statement in the subject line of a commercial email message sent to a consumer;

(t) was sent by a person who uses multiple domain names from which the emails were sent in an effort to conceal or disguise the sender's true identity and to circumvent Plaintiff's efforts to block email messages from specific domains; and

(u) was sent by a person who uses third parties or proxies for the registration of the domain names from which the emails were sent in an effort to conceal or disguise the sender's true identity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief against Defendants, jointly and severally, as to his foregoing Causes of Action:

A. An award of statutory damages against Defendants in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each of Defendants' violations of R.C. §1345.02(A);

B. Declaratory judgment against Defendants in Plaintiff's favor, as set forth in R.C. §1345.09(D), as requested hereinabove;

C. A permanent injunction prohibiting Defendants from transmitting any more email messages to any consumer in Ohio in violation of R.C. §1345.02(A);

D. Pre- and post-judgment interest on all damages awarded;

E. An award of Plaintiff's reasonable attorneys' fees and costs, as allowed pursuant to R.C. §1345.09(F); and

F. All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

_____
Lisa A. Wafer     (0074034)
lwafer@ferronlaw.com
Jessica G. Fallon   (0079169)
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Attorneys for Plaintiff,
John W. Ferron

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

_____
Lisa A. Wafer     (0074034)
Jessica G. Fallon   (0079169)

13