**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN W. FERRON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:08-cv-760 |
| | : | |
| vs. | : | Judge Sargus |
| | : | |
| SUBSCRIBERBASE HOLDINGS, INC., | : | Magistrate Judge Kemp |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR MONEY**
**DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**JURY DEMAND ENDORSED HEREON**

NOW COMES PLAINTIFF JOHN W. FERRON, by and through his undersigned

counsel, and makes the following allegations and claims against Defendants under two different

provisions of the Ohio Revised Code ("R.C."): the Ohio Consumer Sales Practices Act, R.C.

§1345.01, *et seq*., and the Ohio Electronic Mail Advertisements Act, R.C. §2307.64.

**The Parties**

1.     PLAINTIFF JOHN W. FERRON ("Plaintiff") is a living person and individual,

who resides in Delaware County, Ohio.  At all times relevant hereto, Plaintiff has been a

"consumer" as this term is defined in R.C. §1345.01(D) and a "person" as this term is defined in

R.C. §2307.64(A)(7).

2.     Upon information and belief, DEFENDANT SUBSCRIBERBASE HOLDINGS,

INC. ("Defendant SHI" or "SHI"), is a South Carolina corporation, reasonably believed to have

its principal place of business located in Columbia, South Carolina. At all times relevant hereto,

upon information and belief, SHI has been a seller, lessor, assignor, franchisor, or other person

engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer and, therefore, SHI is a "supplier" as this term is defined in R.C. §1345.01(C).  At all times relevant hereto, SHI is also a "person" as this term is defined in R.C. 2307.64(A)(7).

3.      Upon information and belief, DEFENDANT SUBSCRIBERBASE, INC. ("Defendant Subscriberbase" or "Subscriberbase"), is a South Carolina corporation, reasonably believed to have its principal place of business located in Columbia, South Carolina. At all times relevant hereto, upon information and belief, Subscriberbase has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer and, therefore, Subscriberbase is a "supplier" as this term is defined in R.C. §1345.01(C).  At all times relevant hereto, Subscriberbase is also a "person" as this term is defined in R.C. 2307.64(A)(7).

4.      DEFENDANT CONSUMER RESEARCH CORPORATION ("Defendant CRC" or "CRC"), is a South Carolina corporation, reasonably believed to have its principal place of business located in Columbia, South Carolina. At all times relevant hereto, upon information and belief, CRC, which sometimes does business as "ProductTestPanel" and/or "Product Test Panel," has been a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer and, therefore, CRC is as this term is defined in R.C. §1345.01(C).  At all times relevant hereto, CRC is also a "person" as this term is defined in R.C. 2307.64(A)(7).

5.      At no time relevant hereto has Plaintiff ever: (a) had with any Defendant a "pre-existing business relationship" as this term is defined in R.C. §2307.64(A)(8); (b) had a "pre-existing business or personal relationship" with any Defendant as contemplated by R.C.

§2307.64(B)(3)(a); or (b) "consented or *** agreed as a condition of service to receive [any] electronic mail advertisement" from any Defendant as contemplated by R.C. §2307.64(B)(3)(c).

## Jurisdiction and Venue

6.     This Court has original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and all parties Defendant, and the amount in controversy well exceeds $75,000.00 in the aggregate.

7.     Venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within the Southern District of Ohio, Eastern Division, including Defendants' knowing transmittal of hundreds of email messages to Plaintiff, who resides within the Southern District of Ohio, Eastern Division.  Also, Plaintiff has been harmed within the Southern District of Ohio, Eastern Division.

## The Claims

8.     This Complaint and all of the claims asserted in it are subject to all court determinations that were on file in the Office of the Ohio Attorney General in its Public Inspection File ("PIF") as of the date of the acts of Defendants complained of herein, including the following determinations:

(a)     PIF# 1288, *State, ex rel. Fisher v. Cheeseman,* October 25, 1991;

(b)     PIF# 499, *State, ex rel. Brown v. Gem Collectors International, Ltd.*, June 9, 1983;

(c)     PIF# 1485, *Grayson v. Cadillac Builders*, Sept. 14, 1995;

(d)     PIF# 618, *State ex rel. Fisher v. Family Pontiac, Inc.*, Feb. 28, 2002;

(e)     PIF# 2089, *State ex rel. Montgomery v. Explorer Micro, Inc*., Mar. 14, 2002;

(f)     PIF# 2104, *State ex rel. Montgomery v. Automotive Warranty Corp*., August 16,

2002;

(g)     PIF# 2195, *State ex rel. Petro v. B&M Automotive Enterprises, Inc.*, Nov. 7, 2003;

(h)     PIF# 2320, *State ex rel. Petro v. Purchase Plus Buyers Group, Inc.*, Dec. 8, 2004; and

(i)     PIF# 2549, *Charvat v. Westerville Taekwondo America, Inc.*, Apr. 10, 2007.

9.      Prior to the date of the events giving rise to Plaintiff's claims, Ohio Administrative Code §109:4-3-02 and §109:4-3-04 were adopted pursuant to R.C. §1345.05(B)(2) and in full force and effect.

10.     This Complaint and all of the claims asserted in it are subject to all rules adopted under R.C. §1345.05(B)(2) prior to the date of the acts or practices of Defendants complained of herein, including Ohio Administrative Code ("O.A.C.") §109:4-3-02 and §109:4-3-04.

11.     At all times relevant to his claims herein, Plaintiff has had the exclusive use of the following Internet email accounts which, upon information and belief, are maintained by and through Internet Service Providers located within Franklin County, Ohio: jferron@ferronlaw.com, jferron@columbus.rr.com, jackferron@aol.com, johnwferron@aol.com, miataworld@aol.com, packerboy@aol.com and johnwferron@hotmail.com (hereinafter "Plaintiff's Email Accounts").

12.     Each of Plaintiff's Email Accounts is one from which Plaintiff predominantly receives and reads incoming emails, and through which Plaintiff predominantly sends outgoing emails.  Plaintiff's Email Accounts are also his "Receiving Addresses" (hereinafter "Receiving Addresses") as this term is defined in R.C. §2307.64(A)(9).

13.     Upon information and belief, between January 7, 2006 and July 23, 2006,

Defendants, acting by and through themselves or through an authorized agent, knowingly, intentionally and purposely transmitted the below identified 330 email messages (hereinafter the "330 Emails"), each of which passed through the servers of Plaintiff's Internet Service Providers and each of which was forwarded to Plaintiff and received by him at Plaintiff's Email Accounts and Receiving Addresses.

14.     Each of the 330 Emails:

(a)     conveys a commercial advertisement for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily person, family, or household, or solicitation to supply any of these things and, therefore, each of the 330 Emails is a "consumer transaction" as this term is defined in R.C. §1345.01(A);

(b)     is an "electronic mail" as this term is defined in R.C. §2307.64(A)(3);

(c)     is a message or material intended to cause the sale of realty, goods or services and, therefore, it is an "advertisement" as this term is defined in R.C. §2307.64(A)(1); and

(d)     is an "electronic mail advertisement" as this term is defined in R.C. §2307.64(A)(4).

15.     In regard to each of the 330 Emails, Plaintiff is the "recipient" as this term is defined in R.C. §2307.64(A)(10).

16.     Upon information and belief, on or about January 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "January 7, 2006 Advertisement"). The January 7, 2006 Advertisement solicits consumers to purchase consumer

5

goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

17.     Although the January 7, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 7, 2006 Advertisement violates Ohio Administrative Code §109:4-3-04(C) and R.C. §1345.02(A).

18.     Although the January 7, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the January 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

19.     The January 7, 2006 Advertisement states that it is from "Notebook Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

20.     Upon information and belief, the January 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

6

address of the person transmitting the electronic mail advertisement. Therefore, the January 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

21.     Upon information and belief, on or about January 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 42" Widescreen TV"   (hereinafter the "January 8, 2006 Advertisement").  The January 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

22.     Although the January 8, 2006 Advertisement prominently offers a "FREE 42" Widescreen TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 42" Widescreen TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

23.     Although the January 8, 2006 Advertisement prominently offers a "FREE 42" Widescreen TV," upon information and belief, the January 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

24.     The January 8, 2006 Advertisement states that it is from "BigScreen Installation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

25.     Upon information and belief, the January 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

26.     Upon information and belief, on or about January 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "January 9, 2006 Advertisement").  The January 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

27.     Although the January 9, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

28.     Although the January 9, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the January 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

29.     The January 9, 2006 Advertisement states that it is from "BigScreen Installation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

30.     Upon information and belief, the January 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

31.     Upon information and belief, on or about January 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini Computer"  (hereinafter the "second January 9, 2006 Advertisement").  The second January 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

32.     Although the second January 9, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

33.    Although the second January 9, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the second January 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

34.    The second January 9, 2006 Advertisement states that it is from "Computer Delivery Attempt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

35.    Upon information and belief, the second January 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

36.    Upon information and belief, on or about January 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE HP Pavilion Laptop" (hereinafter the "January 13, 2006 Advertisement"). The January 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

37.    Although the January 13, 2006 Advertisement prominently offers a "FREE HP Pavilion Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

38.    Although the January 13, 2006 Advertisement prominently offers a "FREE HP Pavilion Laptop," upon information and belief, the January 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

39.    The January 13, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

40.    Upon information and belief, the January 13, 2006 Advertisement fails to clearly

11

and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

41.    Upon information and belief, on or about January 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony 10.3 mega pixel camera" (hereinafter the "second January 13, 2006 Advertisement"). The second January 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second January 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

42.    Although the second January 13, 2006 Advertisement prominently offers a "FREE Sony 10.3 mega pixel camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second January 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony 10.3 mega pixel camera" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second January 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

43.    Although the second January 13, 2006 Advertisement prominently offers a "FREE Sony 10.3 mega pixel camera," upon information and belief, the second January 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

12

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

44.    The second January 13, 2006 Advertisement states that it is from "Holy Smokes Camera!," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

45.    Upon information and belief, the second January 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

46.    Upon information and belief, on or about January 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4Notebook Computer"  (hereinafter the "January 15, 2006 Advertisement").  The January 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

47.    Although the January 15, 2006 Advertisement prominently offers a "FREE Apple iBook G4Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

13

consumer's expenditure of monies.  However, upon information and belief, the January 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

48.    Although the January 15, 2006 Advertisement prominently offers a "FREE Apple iBook G4Notebook Computer," upon information and belief, the January 15, 2006, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

49.    The January 15, 2006 Advertisement states that it is from "PC Shipment Confirmation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

50.    Upon information and belief, the January 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

51.    Upon information and belief, on or about January 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 42" Widescreen TV"  (hereinafter the "January 16, 2006

Advertisement").  The January 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

52.     Although the January 16, 2006 Advertisement prominently offers a "FREE 42" Widescreen TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 42" Widescreen TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

53.     Although the January 16, 2006 Advertisement prominently offers a "FREE 42" Widescreen TV," upon information and belief, the January 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

54.     The January 16, 2006 Advertisement states that it is from "BigScreen Installation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

55.     Upon information and belief, the January 16, 2006 Advertisement fails to clearly

and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

56.     Upon information and belief, on or about January 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"  (hereinafter the "second January 16, 2006 Advertisement").   The second January 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

57.     Although the second January 16, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

58.     Although the second January 16, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the second January 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity

to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

59.     The second January 16, 2006 Advertisement states that it is from "Free Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

60.     Upon information and belief, the second January 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

61.     Upon information and belief, on or about January 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony FJ Vaio Laptop" (hereinafter the "January 17, 2006 Advertisement").  The January 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

62.     Although the January 17, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and

17

retention of the "FREE Sony FJ Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

63.     Although the January 17, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the January 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

64.     The January 17, 2006 Advertisement states that it is from "New and Improved," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

65.     Upon information and belief, the January 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

66.     Upon information and belief, on or about January 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony FJ Vaio Laptop"  (hereinafter the "second January 17, 2006 Advertisement").   The second January 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January

17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

67.     Although the second January 17, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony FJ Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

68.     Although the second January 17, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the second January 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

69.     The second January 17, 2006 Advertisement states that it is from "Pick Your Color," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

70.     Upon information and belief, the second January 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

19

the second January 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

71.     Upon information and belief, on or about January 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Garmin StreetPilot 2660" (hereinafter the "January 18, 2006 Advertisement").   The January 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the January 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

72.     Although the January 18, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the January 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Garmin StreetPilot 2660" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the January 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

73.     Although the January 18, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the January 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

74.     The January 18, 2006 Advertisement states that it is from "Electronic Map,"

which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

75.     Upon information and belief, the January 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

76.     Upon information and belief, on or about January 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sirius Satellite Radio"  (hereinafter the "second January 18, 2006 Advertisement").   The second January 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

77.     Although the second January 18, 2006 Advertisement prominently offers a "FREE Sirius Satellite Radio," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sirius Satellite Radio" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

78.     Although the second January 18, 2006 Advertisement prominently offers a

"FREE Sirius Satellite Radio," upon information and belief, the second January 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second January 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

79.     The second January 18, 2006 Advertisement states that it is from "Satellite Offer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

80.     Upon information and belief, the second January 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

81.     Upon information and belief, on or about January 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sirius Satellite Radio" (hereinafter the "January 19, 2006 Advertisement"). The January 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

82.     Although the January 19, 2006 Advertisement prominently offers a "FREE Sirius Satellite Radio," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sirius Satellite Radio" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

83.     Although the January 19, 2006 Advertisement prominently offers a "FREE Sirius Satellite Radio," upon information and belief, the second January 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

84.     The January 19, 2006 Advertisement states that it is from "Free Satellite Radio," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

85.     Upon information and belief, the January 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

86.     Upon information and belief, on or about January 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony FJ Vaio Laptop" (hereinafter the "second January 19,

2006 Advertisement").   The second January 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

87.   Although the second January 19, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony FJ Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

89.   Although the second January 19, 2006 Advertisement prominently offers a "FREE Sony FJ Vaio Laptop," upon information and belief, the second January 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second January 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

90.   The second January 19, 2006 Advertisement states that it is from "Hot new laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

91.     Upon information and belief, the second January 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

92.     Upon information and belief, on or about January 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera"  (hereinafter the "January 20, 2006 Advertisement").  The January 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

93.     Although the January 20, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

941.    Although the January 20, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the January 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the

"FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

95.   The January 20, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

96.   Upon information and belief, the January 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

97.   Upon information and belief, on or about January 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE PSP and Nintendo DS"  (hereinafter the "second January 20, 2006 Advertisement").   The second January 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

98.   Although the second January 20, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which

receipt and retention of the "FREE PSP and Nintendo DS" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

99.    Although the second January 20, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the second January 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

100.    The second January 20, 2006 Advertisement states that it is from "Panel Feedback," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

101.    Upon information and belief, the second January 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

102.    Upon information and belief, on or about January 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "January 21, 2006 Advertisement").  The January 21, 2006 Advertisement solicits consumers to purchase consumer

goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

103.    Although the January 21, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the January 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

104.    Although the January 21, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the January 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

105.    The January 21, 2006 Advertisement states that it is from "Computer offer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

106.    Upon information and belief, the January 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

address of the person transmitting the electronic mail advertisement. Therefore, the January 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

107.   Upon information and belief, on or about January 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "second January 21, 2006 Advertisement").   The second January 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

108.   Although the second January 21, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

109.   Although the second January 21, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second January 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second January 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

110.    The second January 21, 2006 Advertisement states that it is from "Tech Specials," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

111.    Upon information and belief, the second January 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

112.    Upon information and belief, on or about January 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera" (hereinafter the "Third January 21, 2006 Advertisement").  The Third January 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third January 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

113.    Although the Third January 21, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third January 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third January 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

30

114. Although the Third January 21, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the Third January 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third January 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

115. The Third January 21, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

116. Upon information and belief, the Third January 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

117. Upon information and belief, on or about January 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Garmin StreetPilot 2660" (hereinafter the "fourth January 21, 2006 Advertisement"). The fourth January 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth January 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

118. Although the fourth January 21, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the foregoing offer is contingent upon the

31

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth January 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Garmin StreetPilot 2660" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth January 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

119. Although the fourth January 21, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the fourth January 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth January 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

120. The fourth January 21, 2006 Advertisement states that it is from "Find Your Way," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

121. Upon information and belief, the fourth January 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth January 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

123. Upon information and belief, on or about January 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "January 22, 2006 Advertisement"). The January 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

124. Although the January 22, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

125. Although the January 22, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the January 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

126. The January 22, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

127.    Upon information and belief, the January 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

128.    Upon information and belief, on or about January 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners"  (hereinafter the "second January 22, 2006 Advertisement").  The second January 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

129.    Although the second January 22, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

130.    Although the second January 22, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the second January

22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second January 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

131.    The second January 22, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

132.    Upon information and belief, the second January 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

133.    Upon information and belief, on or about January 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Garmin StreetPilot 2660" (hereinafter the "Third January 22, 2006 Advertisement"). The Third January 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third January 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

134.    Although the Third January 22, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third January 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Garmin StreetPilot 2660" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third January 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

135.    Although the Third January 22, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the Third January 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third January 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

136.    The Third January 22, 2006 Advertisement states that it is from "Find Your Way," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

137.    Upon information and belief, the Third January 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

138.    Upon information and belief, on or about January 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Refrigerator" (hereinafter the "fourth January 22, 2006 Advertisement"). The fourth January 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth January 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

139. Although the fourth January 22, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth January 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Refrigerator" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth January 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

140. Although the fourth January 22, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the fourth January 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth January 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

141. The fourth January 22, 2006 Advertisement states that it is from "Complimentary Products" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

142.   Upon information and belief, the fourth January 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth January 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

143.   Upon information and belief, on or about January 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Refrigerator"  (hereinafter the "fifth January 22, 2006 Advertisement").   The fifth January 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fifth January 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

144.   Although the fifth January 22, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth January 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Refrigerator" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth January 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

145.   Although the fifth January 22, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the fifth January 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the

38

"FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth January 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

146.    The fifth January 22, 2006 Advertisement states that it is from "Complimentary Products" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

147.    Upon information and belief, the fifth January 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth January 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

148.    Upon information and belief, on or about January 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "January 23, 2006 Advertisement"). The January 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

149.    Although the January 23, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 23, 2006

Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

150.    Although the January 23, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the January 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

151.    The January 23, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

152.    Upon information and belief, the January 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

153.    Upon information and belief, on or about January 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini Computer" (hereinafter the "second January 23, 2006 Advertisement").  The second January 23, 2006 Advertisement solicits consumers to

purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

154.    Although the second January 23, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

155.    Although the second January 23, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the second January 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

156.    The second January 23, 2006 Advertisement states that it is from "Computer Shipment Details," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

157.    Upon information and belief, the second January 23, 2006 Advertisement fails to

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

158.    Upon information and belief, on or about January 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Refrigerator"  (hereinafter the "Third January 23, 2006 Advertisement").   The Third January 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third January 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

159.    Although the Third January 23, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third January 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Refrigerator" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third January 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

160.    Although the Third January 23, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the Third January 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type

size half as large as the word "FREE."  Accordingly, the Third January 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

161.    The Third January 23, 2006 Advertisement states that it is from "Complimentary Products," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

162.    Upon information and belief, the Third January 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

163.    Upon information and belief, on or about January 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer"  (hereinafter the "January 24, 2006 Advertisement").  The January 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

164.    Although the January 24, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and

43

retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

165. Although the January 24, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the January 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

166. The January 24, 2006 Advertisement states that it is from "PC Shipment Confirmation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

167. Upon information and belief, the January 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

168. Upon information and belief, on or about January 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "second January 24, 2006 Advertisement"). The second January 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and

therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

169.   Although the second January 24, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

170.   Although the second January 24, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the second January 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

171.   The second January 24, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

172.   Upon information and belief, the second January 24, 2006 Advertisement fails to

45

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

173.    Upon information and belief, on or about January 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sirius Satellite Package" (hereinafter the "Third January 24, 2006 Advertisement").  The Third January 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third January 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

174.    Although the Third January 24, 2006 Advertisement prominently offers a "FREE Sirius Satellite Package," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third January 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sirius Satellite Package" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third January 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

175.    Although the Third January 24, 2006 Advertisement prominently offers a "FREE Sirius Satellite Package," upon information and belief, the Third January 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

"FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third January 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

176.    The Third January 24, 2006 Advertisement states that it is from "Satellite Radio," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

178.    Upon information and belief, the Third January 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

179.    Upon information and belief, on or about January 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "January 25, 2006 Advertisement"). The January 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

180.    Although the January 25, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset

47

of the offer.  Accordingly, the January 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

181.    Although the January 25, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the January 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

182.    The January 25, 2006 Advertisement states that it is from "Need a Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

183.    Upon information and belief, the January 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

184.    Upon information and belief, on or about January 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade Driver"  (hereinafter the "second January 25, 2006 Advertisement").   The second January 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

185.    Although the second January 25, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade Driver" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

186.    Although the second January 25, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the second January 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

187.    The second January 25, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

188.    Upon information and belief, the second January 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

189.    Upon information and belief, on or about January 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE PS and Nintendo DS"  (hereinafter the "January 26, 2006 Advertisement").  The January 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

190.    Although the January 26, 2006 Advertisement prominently offers a "FREE PS and Nintendo DS," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE PS and Nintendo DS" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

191.    Although the January 26, 2006 Advertisement prominently offers a "FREE PS and Nintendo DS," upon information and belief, the January 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the January 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

192.    The January 26, 2006 Advertisement states that it is from "Panel Feedback," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

193.     Upon information and belief, the January 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

194.     Upon information and belief, on or about January 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Refrigerator"  (hereinafter the "second January 26, 2006 Advertisement").  The second January 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

195.     Although the second January 26, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Refrigerator" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

196.     Although the second January 26, 2006 Advertisement prominently offers a "FREE Refrigerator," upon information and belief, the second January 26, 2006 Advertisement

fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second January 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

197.    The second January 26, 2006 Advertisement states that it is from "Consumer Research," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

198.    Upon information and belief, the second January 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

199.    Upon information and belief, on or about January 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"  (hereinafter the "Third January 26, 2006 Advertisement").   The Third January 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third January 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

200.    Although the Third January 26, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the Third January 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third January 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

201.   Although the Third January 26, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Third January 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third January 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

202.   The Third January 26, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

203.   Upon information and belief, the Third January 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

204.   Upon information and belief, on or about January 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"  (hereinafter the "fourth January 26, 2006 Advertisement").   The fourth January 26, 2006 Advertisement solicits consumers to

purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth January 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

205.    Although the fourth January 26, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth January 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth January 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

206.    Although the fourth January 26, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the fourth January 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth January 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

207.    The fourth January 26, 2006 Advertisement states that it is from "Need a Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

208.    Upon information and belief, the fourth January 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

54

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth January 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

209.    Upon information and belief, on or about January 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners"  (hereinafter the "January 27, 2006 Advertisement").  The January 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

210.    Although the January 27, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

211.    Although the January 27, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the January 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

212.   The January 27, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

213.   Upon information and belief, the January 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

214.   Upon information and belief, on or about January 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch  and matching handbag"  (hereinafter the "second January 27, 2006 Advertisement").  The second January 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

215.   Although the second January 27, 2006 Advertisement prominently offers a "FREE Gucci Watch  and matching handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and matching handbag" is

contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second January 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

216.    Although the second January 27, 2006 Advertisement prominently offers a "FREE Gucci Watch and matching handbag," upon information and belief, the second January 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second January 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

217.    The second January 27, 2006 Advertisement states that it is from "Designer Accessories," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

218.    Upon information and belief, the second January 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

219.    Upon information and belief, on or about January 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch  and matching handbag"  (hereinafter the "second January 27, 2006 Advertisement").  The second January 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and

therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second January 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

220.   Although the second January 27, 2006 Advertisement prominently offers a "FREE Gucci Watch  and matching handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and matching handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

221.   Although the second January 27, 2006 Advertisement prominently offers a "FREE Gucci Watch and matching handbag," upon information and belief, the second January 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

222.   The second January 27, 2006 Advertisement states that it is from "Designer Accessories," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

223.   Upon information and belief, the second January 27, 2006 Advertisement fails to

58

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

224. Upon information and belief, on or about January 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE PSP and Nintendo DS" (hereinafter the "January 28, 2006 Advertisement"). The January 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

225. Although the January 28, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE PSP and Nintendo DS" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the January 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

226. Although the January 28, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the January 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type

59

size half as large as the word "FREE."   Accordingly, the January 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

227.   The January 28, 2006 Advertisement states that it is from "Market Research," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

228.   Upon information and belief, the January 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

229.   Upon information and belief, on or about January 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE PSP and Nintendo DS"  (hereinafter the "second January 28, 2006 Advertisement").   The second January 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

230.   Although the second January 28, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE PSP and Nintendo DS" is contingent, clearly and

conspicuously at the outset of the offer. Accordingly, the second January 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

231. Although the second January 28, 2006 Advertisement prominently offers a "FREE PSP and Nintendo DS," upon information and belief, the second January 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second January 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

232. The second January 28, 2006 Advertisement states that it is from "Market Research," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

233. Upon information and belief, the second January 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

234. Upon information and belief, on or about January 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "January 29, 2006 Advertisement"). The January 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it

is a solicitation for the sale of consumer goods and services.  Accordingly, the January 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

235.    Although the January 29, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

236.    Although the January 29, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the January 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the January 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

237.    The January 29, 2006 Advertisement states that it is from "PC Shipment Confirmation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

238.    Upon information and belief, the January 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

address of the person transmitting the electronic mail advertisement. Therefore, the January 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

239.   Upon information and belief, on or about January 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Garmin StreetPilot 2660" (hereinafter the "second January 29, 2006 Advertisement").   The second January 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second January 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

240.   Although the second January 29, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second January 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Garmin StreetPilot 2660" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second January 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

241.   Although the second January 29, 2006 Advertisement prominently offers a "FREE Garmin StreetPilot 2660," upon information and belief, the second January 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second January 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C.

§1345.02(A).

242.    The second January 29, 2006 Advertisement states that it is from "Find Your Way," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

243.    Upon information and belief, the second January 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

244.    Upon information and belief, on or about January 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons" (hereinafter the "Third January 29, 2006 Advertisement"). The Third January 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third January 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

245.    Although the Third January 29, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third January 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third January 29, 2006 Advertisement violates O.A.C.

64

§109:4-3-04(C) and R.C. §1345.02(A).

246.    Although the Third January 29, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Third January 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third January 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

247.    The Third January 29, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

248.    Upon information and belief, the Third January 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

249.    Upon information and belief, on or about January 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"  (hereinafter the "fourth January 29, 2006 Advertisement").   The fourth January 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth January 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

250.    Although the fourth January 29, 2006 Advertisement prominently offers a "FREE

Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth January 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth January 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

251.    Although the fourth January 29, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the fourth January 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth January 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

252.    The fourth January 29, 2006 Advertisement states that it is from "Swing Better," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

253.    Upon information and belief, the fourth January 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth January 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

254.    Upon information and belief, on or about January 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Set of Golf Clubs" (hereinafter the "fifth January 29, 2006 Advertisement"). The fifth January 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fifth January 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

255. Although the fifth January 29, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fifth January 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Golf Clubs" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth January 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

256. Although the fifth January 29, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the fifth January 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth January 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

257. The fifth January 29, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

258. Upon information and belief, the fifth January 29, 2006 Advertisement fails to

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth January 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

259.    Upon information and belief, on or about January 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners"  (hereinafter the "January 30, 2006 Advertisement").  The January 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the January 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

260.    Although the January 30, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the January 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the January 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

261.    Although the January 30, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the January 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

68

"FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

262. The January 30, 2006 Advertisement states that it is from "Compare Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

263. Upon information and belief, the January 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

264. Upon information and belief, on or about January 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1000" (hereinafter the "January 31, 2006 Advertisement"). The January 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the January 31, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

265. Although the January 31, 2006 Advertisement prominently offers a "FREE $1000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the January 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1000" is contingent, clearly and conspicuously at the outset of the offer.

69

Accordingly, the January 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

266.    Although the January 31, 2006 Advertisement prominently offers a "FREE $1000," upon information and belief, the January 31, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the January 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

267.    The January 31, 2006 Advertisement states that it is from "Shop Till Ya Drop" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

268.    Upon information and belief, the January 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the January 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

269.    Upon information and belief, on or about January 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "second January 31, 2006 Advertisement"). The second January 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second January 31, 2006 Advertisement is a "consumer transaction" as defined in R.C.

70

§1345.01(A).

270.     Although the second January 31, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second January 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second January 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

271.     Although the second January 31, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the second January 31, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second January 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

272.     The second January 31, 2006 Advertisement states that it is from "Computer Delivery Attempt" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

273.     Upon information and belief, the second January 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second January 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

274.    Upon information and belief, on or about January 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Cybershot Digital Camera" (hereinafter the "Third January 31, 2006 Advertisement"). The Third January 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third January 31, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

275.    Although the Third January 31, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third January 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third January 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

276.    Although the Third January 31, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the Third January 31, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third January 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C.

§1345.02(A).

277.    The Third January 31, 2006 Advertisement states that it is from "Digital Photos" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

278.    Upon information and belief, the Third January 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third January 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

279.    Upon information and belief, on or about February 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera" (hereinafter the "February 1, 2006 Advertisement").  The February 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

280.    Although the February 1, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 1, 2006 Advertisement violates O.A.C. §109:4-3-

04(C) and R.C. §1345.02(A).

281.    Although the February 1, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the February 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

282.    The February 1, 2006 Advertisement states that it is from "Digital Camera" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

283.    Upon information and belief, the February 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

284.    Upon information and belief, on or about February 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch and Handbag" (hereinafter the "second February 1, 2006 Advertisement"). The second February 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

74

285.    Although the second February 1, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second February 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second February 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

286.    Although the second February 1, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the second February 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second February 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

287.    The second February 1, 2006 Advertisement states that it is from "Watch and Handbag" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

288.    Upon information and belief, the second February 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

75

the second February 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

289.    Upon information and belief, on or about February 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini Computer" (hereinafter the "Third February 1, 2006 Advertisement").  The Third February 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

290.    Although the Third February 1, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third February 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

291.    Although the Third February 1, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the Third February 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

292.    The Third February 1, 2006 Advertisement states that it is from "Computer and

Desk Shipment" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

293.    Upon information and belief, the Third February 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

294.    Upon information and belief, on or about February 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "February 2, 2006 Advertisement"). The February 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

295.    Although the February 2, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

296.    Although the February 2, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the February 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

297.    The February 2, 2006 Advertisement states that it is from "PC Shipment Confirmation" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

298.    Upon information and belief, the February 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

299.    Upon information and belief, on or about February 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch and Handbag"  (hereinafter the "second February 2, 2006 Advertisement").   The second February 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second February 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

300.    Although the second February 2, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

301.    Although the second February 2, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the second February 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

302.    The second February 2, 2006 Advertisement states that it is from "Watch and Handbag" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

303.    Upon information and belief, the second February 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

the second February 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

304.    Upon information and belief, on or about February 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Notebook" (hereinafter the "February 4, 2006 Advertisement").  The February 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

305.    Although the February 4, 2006 Advertisement prominently offers a "FREE Sony Vaio Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

306.    Although the February 4, 2006 Advertisement prominently offers a "FREE Sony Vaio Notebook," upon information and belief, the February 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

307.    The February 4, 2006 Advertisement states that it is from "Notebook Color

80

Decision" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

308.    Upon information and belief, the February 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

309.    Upon information and belief, on or about February 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "second February 4, 2006 Advertisement").   The second February 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second February 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

310.    Although the second February 4, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second February 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second February 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

311.    Although the second February 4, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the second February 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

312.    The second February 4, 2006 Advertisement states that it is from "Laptop on us" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

313.    Upon information and belief, the second February 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

314.    Upon information and belief, on or about February 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "February 5, 2006 Advertisement").  The February 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

315.    Although the February 5, 2006 Advertisement prominently offers a "FREE

82

Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

316. Although the February 5, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the February 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

317. The February 5, 2006 Advertisement states that it is from "Laptop on us" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

318. Upon information and belief, the February 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

319. Upon information and belief, on or about February 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "February 6, 2006 Advertisement"). The February 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

320.    Although the February 6, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

321.    Although the February 6, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the February 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

322.    The February 6, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

84

323.     Upon information and belief, the February 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

324.     Upon information and belief, on or about February 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini Computer" (hereinafter the "second February 6, 2006 Advertisement"). The second February 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

325.     Although the second February 6, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

326.     Although the second February 6, 2006 Advertisement prominently offers a "FREE Mac Mini Computer," upon information and belief, the second February 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

327.    The second February 6, 2006 Advertisement states that it is from "Computer and Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

328.    Upon information and belief, the second February 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

329.    Upon information and belief, on or about February 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "February 7, 2006 Advertisement").  The February 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

330.    Although the February 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's

expenditure of monies.   However, upon information and belief, the February 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the February 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

331.   Although the February 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the February 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the February 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

332.   The February 7, 2006 Advertisement states that it is from "Slim Notebook," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

333.   Upon information and belief, the February 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

334.   Upon information and belief, on or about February 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer"   (hereinafter the "second February 7, 2006 Advertisement").   The second February 7, 2006 Advertisement solicits

consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

335. Although the second February 7, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

336. Although the second February 7, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the second February 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

337. The second February 7, 2006 Advertisement states that it is from "Computer Delivery Attempt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

338.     Upon information and belief, the second February 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

339.     Upon information and belief, on or about February 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera"  (hereinafter the "Third February 7, 2006 Advertisement").   The Third February 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

340.     Although the Third February 7, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

341.     Although the Third February 7, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the Third February 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and

conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third February 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

342.    The Third February 6, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

343.    Upon information and belief, the Third February 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

344.    Upon information and belief, on or about February 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "fourth February 7, 2006 Advertisement"). The fourth February 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth February 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

345.    Although the fourth February 7, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth February 7, 2006 Advertisement fails to set forth the terms, conditions and obligations,

90

upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth February 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

346.    Although the fourth February 7, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the fourth February 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth February 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

347.    The fourth February 7, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

348.    Upon information and belief, the fourth February 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

349.    Upon information and belief, on or about February 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "fifth February 7, 2006 Advertisement"). The fifth February 7, 2006 Advertisement solicits consumers to purchase

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fifth February 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

350.    Although the fifth February 7, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fifth February 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth February 7, 2006 Advertisement violates Ohio Administrative Code §109:4-3-04(C) and R.C. §1345.02(A).

351.    Although the fifth February 7, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the fifth February 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth February 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

3527.    The fifth February 7, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

353.    Upon information and belief, the fifth February 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

354.    Upon information and belief, on or about February 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch  and Handbag"  (hereinafter the "February 8, 2006 Advertisement").  The February 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

355.    Although the February 8, 2006 Advertisement prominently offers a "FREE Gucci Watch  and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch  and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

356.    Although the February 8, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the February 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

357.    The February 8, 2006 Advertisement states that it is from "Designer Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

358.    Upon information and belief, the February 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

359.    Upon information and belief, on or about February 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony PlayStation 3" (hereinafter the "second February 8, 2006 Advertisement").  The second February 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

360.    Although the second February 8, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony PlayStation 3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

361.    Although the second February 8, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the second February 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

362.    The second February 8, 2006 Advertisement states that it is from "Product Evaluation Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

363.    Upon information and belief, the second February 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

364.    Upon information and belief, on or about February 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade Driver"  (hereinafter the "Third February 8, 2006 Advertisement").   The Third February 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

365.     Although the Third February 8, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade Driver" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

366.     Although the Third February 8, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the Third February 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third February 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

367.     The Third February 8, 2006 Advertisement states that it is from "New Golf Club," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

368.     Upon information and belief, the Third February 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

369.     Upon information and belief, on or about February 9, 2006, Defendants

knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony FJ VAIO Laptop" (hereinafter the "February 9, 2006 Advertisement"). The February 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

370. Although the February 9, 2006 Advertisement prominently offers a "FREE Sony FJ VAIO Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony FJ VAIO Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

371. Although the February 9, 2006 Advertisement prominently offers a "FREE Sony FJ VAIO Laptop," upon information and belief, the February 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

372. The February 9, 2006 Advertisement states that it is from "Survey Rewards," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

373.    Upon information and belief, the February 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

374.    Upon information and belief, on or about February 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade Driver"  (hereinafter the "second February 9, 2006 Advertisement").   The second February 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

375.    Although the second February 9, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade Driver" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

376.    Although the second February 9, 2006 Advertisement prominently offers a "FREE TaylorMade Driver," upon information and belief, the second February 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

377.   The second February 9, 2006 Advertisement states that it is from "New Golf Club," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

378.   Upon information and belief, the second February 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

379.   Upon information and belief, on or about February 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch and Handbag" (hereinafter the "February 10, 2006 Advertisement"). The February 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

380.   Although the February 10, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 10,

2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

381.    Although the February 10, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the February 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

382.    The February 10, 2006 Advertisement states that it is from "Designer Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

383.    Upon information and belief, the February 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 10, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

384.    Upon information and belief, on or about February 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch and Handbag"  (hereinafter the "second February 10, 2006 Advertisement").  The second February 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and

therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

385.    Although the second February 10, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 10, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

386.    Although the second February 10, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the second February 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

387.    The second February 10, 2006 Advertisement states that it is from "Designer Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

388.    Upon information and belief, the second February 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 10, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

389.   Upon information and belief, on or about February 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Samsung 42 inch HDTV" (hereinafter the "Third February 10, 2006 Advertisement"). The Third February 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third February 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

390.   Although the Third February 10, 2006 Advertisement prominently offers a "FREE Samsung 42 inch HDTV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third February 10, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Samsung 42 inch HDTV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third February 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

391.   Although the Third February 10, 2006 Advertisement prominently offers a "FREE Samsung 42 inch HDTV," upon information and belief, the Third February 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the

Third February 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

392.    The Third February 10, 2006 Advertisement states that it is from "Widescreen TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

393.    Upon information and belief, the Third February 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 10, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

394.    Upon information and belief, on or about February 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch and Handbag" (hereinafter the "February 11, 2006 Advertisement").   The February 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

395.    Although the February 11, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch and Handbag" is contingent, clearly and conspicuously

at the outset of the offer.  Accordingly, the February 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

396.    Although the February 11, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the February 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

397.    The February 11, 2006 Advertisement states that it is from "Designer Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

398.    Upon information and belief, the February 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

399.    Upon information and belief, on or about February 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Golf Clubs" (hereinafter the "second February 11, 2006 Advertisement").  The second February 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

400. Although the second February 11, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Golf Clubs" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

401. Although the second February 11, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the second February 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

402. The second February 11, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

403. Upon information and belief, the second February 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

404.    Upon information and belief, on or about February 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "Third February 11, 2006 Advertisement").  The Third February 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

405.    Although the Third February 11, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third February 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

406.    Although the Third February 11, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the Third February 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

407.    The Third February 11, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

408.   Upon information and belief, the Third February 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

409.   Upon information and belief, on or about February 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "fourth February 11, 2006 Advertisement").   The fourth February 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fourth February 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

410.   Although the fourth February 11, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the fourth February 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the fourth February 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

411.   Although the fourth February 11, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the fourth February 11, 2006

Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth February 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

412.   The fourth February 11, 2006 Advertisement states that it is from "Brand New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

413.   Upon information and belief, the fourth February 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

414.   Upon information and belief, on or about February 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Watch  and Handbag"  (hereinafter the "February 12, 2006 Advertisement").  The February 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

415.   Although the February 12, 2006 Advertisement prominently offers a "FREE Gucci Watch  and Handbag," upon information and belief, the foregoing offer is contingent upon

the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Watch  and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

416.    Although the February 12, 2006 Advertisement prominently offers a "FREE Gucci Watch and Handbag," upon information and belief, the February 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

417.    The February 12, 2006 Advertisement states that it is from "Designer Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

418.    Upon information and belief, the February 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

419.    Upon information and belief, on or about February 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony FJ VAIO Laptop"  (hereinafter the "second February

12, 2006 Advertisement"). The second February 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

420.    Although the second February 12, 2006 Advertisement prominently offers a "FREE Sony FJ VAIO Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony FJ VAIO Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

421.    Although the second February 12, 2006 Advertisement prominently offers a "FREE Sony FJ VAIO Laptop," upon information and belief, the second February 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

422.    The second February 12, 2006 Advertisement states that it is from "Colorful Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

423.    Upon information and belief, the second February 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

424.    Upon information and belief, on or about February 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV"  (hereinafter the "Third February 12, 2006 Advertisement").  The Third February 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

425.    Although the Third February 12, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

426.    Although the Third February 12, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Third February 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

111

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third February 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

427.   The Third February 12, 2006 Advertisement states that it is from "FREE Wireless TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

428.   Upon information and belief, the Third February 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

429.   Upon information and belief, on or about February 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci watch and Handbag" (hereinafter the "February 13, 2006 Advertisement"). The February 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

430.   Although the February 13, 2006 Advertisement prominently offers a "FREE Gucci watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 13,

2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

431. Although the February 13, 2006 Advertisement prominently offers a "FREE Gucci watch and Handbag," upon information and belief, the February 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

432. The February 13, 2006 Advertisement states that it is from "Purse and Watch Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

433. Upon information and belief, the February 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

434. Upon information and belief, on or about February 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a ""FREE Sony VAIO Laptop" (hereinafter the "second February 13, 2006 Advertisement"). The second February 13, 2006 Advertisement solicits consumers to

purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second February 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

435.    Although the second February 13, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

436.    Although the second February 13, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the Second February 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

437.    The second February 13, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

438.    Upon information and belief, the second February 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

114

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

439. Upon information and belief, on or about February 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "Third February 13, 2006 Advertisement"). The Third February 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third February 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

440. Although the Third February 13, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third February 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third February 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

441. Although the Third February 13, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the Third February 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third

February 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

442.    The Third February 13, 2006 Advertisement states that it is from "Play Golf" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

443.    Upon information and belief, the Third February 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

444.    Upon information and belief, on or about February 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "fourth February 13, 2006 Advertisement").   The fourth February 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth February 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

445.    Although the fourth February 13, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth February 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth February 13, 2006 Advertisement violates

O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

446. Although the fourth February 13, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the fourth February 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth February 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

447. The fourth February 13, 2006 Advertisement states that it is from "Hot New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

448. Upon information and belief, the fourth February 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

449. Upon information and belief, on or about February 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Gucci Signature Watch and Handbag" (hereinafter the "February 14, 2006 Advertisement"). The February 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 14,

117

2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

450.    Although the February 14, 2006 Advertisement prominently offers a "FREE Gucci Signature Watch and Handbag," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Gucci Signature Watch and Handbag" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

451.    Although the February 14, 2006 Advertisement prominently offers a "FREE Gucci Signature Watch and Handbag," upon information and belief, the February 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

452.    The February 14, 2006 Advertisement states that it is from "Designer Watch and Purse," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

453.    Upon information and belief, the February 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

118

454.    Upon information and belief, on or about February 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "second February 14, 2006 Advertisement").  The second February 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 14, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

455.    Although the second February 14, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

456.    Although the second February 14, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the second February 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

457.    The second February 14, 2006 Advertisement states that it is from "Wireless TV,"

which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

458.    Upon information and belief, the second February 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

459.    Upon information and belief, on or about February 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "Third February 14, 2006 Advertisement"). The Third February 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third February 14, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

460.    Although the Third February 14, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third February 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third February 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

461.    Although the Third February 14, 2006 Advertisement prominently offers a "FREE

Sony LocationFree TV," upon information and belief, the Third February 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third February 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

462.    The Third February 14, 2006 Advertisement states that it is from "Wireless TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

463.    Upon information and belief, the Third February 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

464.    Upon information and belief, on or about February 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"  (hereinafter the "fourth February 14, 2006 Advertisement").  The fourth February 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth February 14, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

465.    Although the fourth February 14, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon

121

the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth February 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth February 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

466.   Although the fourth February 14, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the fourth February 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth February 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

467.   The fourth February 14, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

468.   Upon information and belief, the fourth February 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

469.   Upon information and belief, on or about February 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Sony Location Free TV" (hereinafter the "February 15, 2006 Advertisement"). The February 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

470. Although the February 15, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

471. Although the February 15, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the February 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

472. The February 15, 2006 Advertisement states that it is from "Wireless TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

473. Upon information and belief, the February 15, 2006 Advertisement fails to clearly

and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

474.    Upon information and belief, on or about February 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "second February 15, 2006 Advertisement"). The Second February 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second February 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

475.    Although the Second February 15, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second February 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second February 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

476.    Although the Second February 15, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the Second February 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity

to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second February 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

477.    The Second February 15, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

478.    Upon information and belief, the Second February 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second February 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

479.    Upon information and belief, on or about February 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver"  (hereinafter the "Third February 15, 2006 Advertisement").  The Third February 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

480.    Although the Third February 15, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which

receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

481.   Although the Third February 15, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the Third February 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third February 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

482.   The Third February 15, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

483.   Upon information and belief, the Third February 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

484.   Upon information and belief, on or about February 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer"  (hereinafter the "February 16, 2006 Advertisement").  The February 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the February 16,

126

2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

485.   Although the February 16, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the February 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

486.   Although the February 16, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the February 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the February 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

487.   The February 16, 2006 Advertisement states that it is from "Freight Delivery," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

488.   Upon information and belief, the February 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

489.   Upon information and belief, on or about February 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000"   (hereinafter the "February 17, 2006 Advertisement").   The February 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

490.   Although the February 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

491.   Although the February 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the February 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the February 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

492.   The February 17, 2006 Advertisement states that it is from "RetailReportCard," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

493.    Upon information and belief, the February 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

494.    Upon information and belief, on or about February 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini computer" (hereinafter the "second February 17, 2006 Advertisement"). The Second February 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second February 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

495.    Although the second February 17, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

496.    Although the second February 17, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the second February 17, 2006

Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

497.    The second February 17, 2006 Advertisement states that it is from "Computer and Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

498.    Upon information and belief, the second February 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

499.    Upon information and belief, on or about February 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Louis Vuitton Pegase 60 Suitcase" (hereinafter the "February 18, 2006 Advertisement"). The February 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

500.    Although the February 18, 2006 Advertisement prominently offers a "FREE Louis Vuitton Pegase 60 Suitcase," upon information and belief, the foregoing offer is contingent upon

the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Louis Vuitton Pegase 60 Suitcase" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

501. Although the February 18, 2006 Advertisement prominently offers a "FREE Louis Vuitton Pegase 60 Suitcase," upon information and belief, the February 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

502. The February 18, 2006 Advertisement states that it is from "Designer Luggage," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

503. Upon information and belief, the February 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

504. Upon information and belief, on or about February 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini computer" (hereinafter the "second February 18,

2006 Advertisement").   The Second February 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second February 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

505.    Although the second February 18, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

506.    Although the second February 18, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the second February 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

507.    The second February 18, 2006 Advertisement states that it is from "Computer and Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

508. Upon information and belief, the second February 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

509. Upon information and belief, on or about February 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "Third February 18, 2006 Advertisement"). The Third February 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third February 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

510. Although the Third February 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third February 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third February 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

511. Although the Third February 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Third February 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and

conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third February 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

512. The Third February 18, 2006 Advertisement states that it is from "Hot New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

513. Upon information and belief, the Third February 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

514. Upon information and belief, on or about February 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "February 19, 2006 Advertisement"). The February 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

515. Although the February 19, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 19,

134

2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

516. Although the February 19, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the February 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

517. The February 19, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

518. Upon information and belief, the February 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

519. Upon information and belief, on or about February 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Golf Clubs" (hereinafter the "second February 19, 2006 Advertisement"). The second February 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it

is a solicitation for the sale of consumer goods and services.  Accordingly, the Second February 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

520.    Although the second February 19, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Golf Clubs" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

521.    Although the second February 19, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the second February 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

522.    The second February 19, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

523.    Upon information and belief, the second February 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

524.    Upon information and belief, on or about February 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "February 20, 2006 Advertisement").   The February 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

525.    Although the February 20, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the February 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

526.    Although the February 20, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the February 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the February 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

527.     The February 20, 2006 Advertisement states that it is from "Hot Computer Deal," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

528.     Upon information and belief, the February 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

529.     Upon information and belief, on or about February 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "Second February 20, 2006 Advertisement").  The second February 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

530.     Although the second February 20, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

531.    Although the second February 20, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second February 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

532.    The second February 20, 2006 Advertisement states that it is from "Notebook Redemption," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

533.    Upon information and belief, the second February 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

534.    Upon information and belief, on or about February 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"  (hereinafter the "Third February 20, 2006 Advertisement").  The Third February 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

535.    Although the Third February 20, 2006 Advertisement prominently offers a "FREE

Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

536.   Although the Third February 20, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Third February 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third February 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

537.   The Third February 20, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

538.   Upon information and belief, the Third February 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

539.   Upon information and belief, on or about February 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "fourth February 20, 2006 Advertisement"). The fourth February 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth February 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

540. Although the fourth February 20, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth February 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth February 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

541. Although the fourth February 20, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the fourth February 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth February 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

542. The fourth February 20, 2006 Advertisement states that it is from "Wireless LCD TV" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

543.    Upon information and belief, the fourth February 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

544.    Upon information and belief, on or about February 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "fifth February 20, 2006 Advertisement").    The fifth February 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fifth February 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

545.    Although the fifth February 20, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth February 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth February 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

546.    Although the fifth February 20, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the fifth February 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and

conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth February 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

547. The fifth February 20, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

548. Upon information and belief, the fifth February 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

549. Upon information and belief, on or about February 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "February 21, 2006 Advertisement"). The February 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

550. Although the February 21, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the

February 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

551.    Although the February 21, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the February 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

552.    The February 21, 2006 Advertisement states that it is from "Digital Cyber-Shot Camera Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

553.    Upon information and belief, the February 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

554.    Upon information and belief, on or about February 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos 32 inch widescreen LCD TV" (hereinafter the "second February 21, 2006 Advertisement").  The second February 21, 2006 Advertisement

solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

555.   Although the second February 21, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos 32 inch widescreen LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

556.   Although the second February 21, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the second February 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

557.   The second February 21, 2006 Advertisement states that it is from "LCD Television," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

145

558.     Upon information and belief, the second February 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

559.     Upon information and belief, on or about February 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos 32 LCD TV"  (hereinafter the "Third February 21, 2006 Advertisement").   The Third February 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

560.     Although the Third February 21, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos 32 LCD TV" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

561.     Although the Third February 21, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 LCD TV," upon information and belief, the Third February 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third February 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

562. The Third February 21, 2006 Advertisement states that it is from "Top Selling LCD TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

563. Upon information and belief, the Third February 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

564. Upon information and belief, on or about February 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Cybershot Digital Camera" (hereinafter the "fourth February 21, 2006 Advertisement"). The fourth February 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth February 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

565. Although the fourth February 21, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which

requires the consumer's expenditure of monies.  However, upon information and belief, the fourth February 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth February 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

566.    Although the fourth February 21, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the fourth February 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth February 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

567.    The fourth February 21, 2006 Advertisement states that it is from "Free Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

568.    Upon information and belief, the fourth February 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

569.    Upon information and belief, on or about February 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "fifth February 21, 2006 Advertisement").   The fifth February 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth February 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

570.   Although the fifth February 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth February 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the fifth February 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

571.   Although the fifth February 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the fifth February 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the fifth February 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

572.   The fifth February 21, 2006 Advertisement states that it is from "Hot New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

573.    Upon information and belief, the fifth February 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

574.    Upon information and belief, on or about February 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000"   (hereinafter the "February 22, 2006 Advertisement").   The February 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

575.    Although the February 22, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

576.    Although the February 22, 2006 Advertisement prominently offers a "FREE

$1,000," upon information and belief, the February 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

577.    The February 22, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

578.    Upon information and belief, the February 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

579.    Upon information and belief, on or about February 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "second February 22, 2006 Advertisement").  The second February 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

580.    Although the second February 22, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the

foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

581.    Although the second February 22, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the second February 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

582.    The second February 22, 2006 Advertisement states that it is from "10.3 Megapixels," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

583.    Upon information and belief, the second February 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

584.    Upon information and belief, on or about February 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Laptop" (hereinafter the "Third February 22, 2006 Advertisement").  The Third February 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

585.    Although the Third February 22, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third February 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

586.    Although the Third February 22, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the Third February 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

587.    The Third February 22, 2006 Advertisement states that it is from "Write on the Screen," which is, upon information and belief, a fictitious name used by one or more

Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

588.    Upon information and belief, the Third February 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

589.    Upon information and belief, on or about February 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "fourth February 22, 2006 Advertisement"). The fourth February 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth February 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

590.    Although the fourth February 22, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth February 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth February 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

591.    Although the fourth February 22, 2006 Advertisement prominently offers a

"FREE Sony LocationFree TV," upon information and belief, the fourth February 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth February 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

592. The fourth February 22, 2006 Advertisement states that it is from "Watch TV Anywhere," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

593. Upon information and belief, the fourth February 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

594. Upon information and belief, on or about February 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "fifth February 22, 2006 Advertisement"). The fifth February 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fifth February 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

595. Although the fifth February 22, 2006 Advertisement prominently offers a "FREE

TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fifth February 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth February 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

596. Although the fifth February 22, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the fifth February 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth February 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

597. The fifth February 22, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

598. Upon information and belief, the fifth February 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

599. Upon information and belief, on or about February 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE Apple iBook" (hereinafter the "February 23, 2006 Advertisement"). The February 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

600. Although the February 23, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

601. Although the February 23, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the February 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

602. The February 23, 2006 Advertisement states that it is from "Notebook Redemption," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

603. Upon information and belief, the February 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

604. Upon information and belief, on or about February 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos 32 inch widescreen LCD TV" (hereinafter the "second February 23, 2006 Advertisement"). The second February 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second February 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

605. Although the second February 23, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second February 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos 32 inch widescreen LCD TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

606. Although the second February 23, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the second

February 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

607.   The second February 23, 2006 Advertisement states that it is from "LCD Television," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

608.   Upon information and belief, the second February 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

609.   Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000"   (hereinafter the "February 24, 2006 Advertisement").   The February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

610.   Although the February 24, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's

participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

611.    Although the February 24, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

612.    The February 24, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

613.    Upon information and belief, the February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

614.    Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera"

160

(hereinafter the "second February 24, 2006 Advertisement").  The second February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

615.   Although the second February 24, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

616.   Although the second February 24, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the second February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

617.   The second February 24, 2006 Advertisement states that it is from "10.2 Megapixels," which is, upon information and belief, a fictitious name used by one or more

Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

618.    Upon information and belief, the second February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

619.    Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "Third February 24, 2006 Advertisement").   The Third February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

620.    Although the Third February 24, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

162

621.   Although the Third February 24, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the Third February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

622.   The Third February 24, 2006 Advertisement states that it is from "10.3 Megapixels," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

623.   Upon information and belief, the Third February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

624.   Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon or Sony digital Camera" (hereinafter the "fourth February 24, 2006 Advertisement").   The fourth February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

625.    Although the fourth February 24, 2006 Advertisement prominently offers a "FREE Canon or Sony digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon or Sony digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

626.    Although the fourth February 24, 2006 Advertisement prominently offers a "FREE Canon or Sony digital Camera," upon information and belief, the fourth February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

627.    The fourth February 24, 2006 Advertisement states that it is from "Awesome Quality Pictures," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

628.    Upon information and belief, the fourth February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

the fourth February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

629.    Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "fifth February 24, 2006 Advertisement"). The fifth February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fifth February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

630.    Although the fifth February 24, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fifth February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

631.    Although the fifth February 24, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the fifth February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

632.    The fifth February 24, 2006 Advertisement states that it is from "Driver and Iron

Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

633.    Upon information and belief, the fifth February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

634.    Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV"  (hereinafter the "sixth February 24, 2006 Advertisement").  The sixth February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the sixth February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

635.    Although the sixth February 24, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the sixth February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

636.    Although the sixth February 24, 2006 Advertisement prominently offers a "FREE

Sony LocationFree TV," upon information and belief, the sixth February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the sixth February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

637.    The sixth February 24, 2006 Advertisement states that it is from "Wireless LCD TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

638.    Upon information and belief, the sixth February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

639.    Upon information and belief, on or about February 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "seventh February 24, 2006 Advertisement"). The seventh February 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the seventh February 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

640.    Although the seventh February 24, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the seventh February 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the seventh February 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

641.    Although the seventh February 24, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the seventh February 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the seventh February 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

642.    The seventh February 24, 2006 Advertisement states that it is from "Notebook Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

643.    Upon information and belief, the seventh February 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the seventh February 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

644.    Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account

of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "February 25, 2006 Advertisement").  The February 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

645.   Although the February 25, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the February 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

646.   Although the February 25, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the February 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

647.   The February 25, 2006 Advertisement states that it is from "10.3 Megapixel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

648.    Upon information and belief, the February 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

649.    Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "second February 25, 2006 Advertisement").  The second February 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

650.    Although the second February 25, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

651.    Although the second February 25, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second February 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and

170

conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second February 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

652. The second February 25, 2006 Advertisement states that it is from "Notebook Redemption," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

653. Upon information and belief, the second February 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

654. Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "Third February 25, 2006 Advertisement"). The Third February 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third February 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

655. Although the Third February 25, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third February

25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

656.    Although the Third February 25, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the Third February 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third February 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

657.    The Third February 25, 2006 Advertisement states that it is from "Driver and Iron Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

658.    Upon information and belief, the Third February 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

659.    Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Samsung 42 inch HDTV" (hereinafter the "fourth February 25, 2006 Advertisement").   The fourth February 25, 2006 Advertisement solicits consumers to

172

purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth February 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

660. Although the fourth February 25, 2006 Advertisement prominently offers a "FREE Samsung 42 inch HDTV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth February 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Samsung 42 inch HDTV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth February 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

661. Although the fourth February 25, 2006 Advertisement prominently offers a "FREE Samsung 42 inch HDTV," upon information and belief, the fourth February 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth February 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

662. The fourth February 25, 2006 Advertisement states that it is from "Widescreen TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

663. Upon information and belief, the fourth February 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth February 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

664.    Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "fifth February 25, 2006 Advertisement").   The fifth February 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth February 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

665.    Although the fifth February 25, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the fifth February 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the fifth February 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

666.    Although the fifth February 25, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the fifth February 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the

174

fifth February 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

667.    The fifth February 25, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

668.    Upon information and belief, the fifth February 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth February 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

669.    Upon information and belief, on or about February 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "February 26, 2006 Advertisement").  The February 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

670.    Although the February 26, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the

February 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the February 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

671.    Although the February 26, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the February 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the February 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

672.    The February 26, 2006 Advertisement states that it is from "10.3 Megapixels," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

673.    Upon information and belief, the February 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

674.    Upon information and belief, on or about February 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera"  (hereinafter the "second February 26, 2006 Advertisement").  The second February 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it

is a solicitation for the sale of consumer goods and services.  Accordingly, the second February 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

675.    Although the second February 26, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second February 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second February 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

676.    Although the second February 26, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the second February 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second February 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

677.    The second February 26, 2006 Advertisement states that it is from "Family Memories," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

678.    Upon information and belief, the second February 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second February 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

679.   Upon information and belief, on or about February 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Golf Set" (hereinafter the "Third February 26, 2006 Advertisement").   The Third February 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third February 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

680.   Although the Third February 26, 2006 Advertisement prominently offers a "FREE Ping Golf Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third February 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Golf Set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

681.   Although the Third February 26, 2006 Advertisement prominently offers a "FREE Ping Golf Set," upon information and belief, the Third February 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third February 26, 2006

178

Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

682.     The Third February 26, 2006 Advertisement states that it is from "Tee Time," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

683.     Upon information and belief, the Third February 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

684.     Upon information and belief, on or about February 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "February 27, 2006 Advertisement").   The February 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the February 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

685.     Although the February 27, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the February 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the February 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C)

179

and R.C. §1345.02(A).

686.    Although the February 27, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the February 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

687.    The February 27, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

688.    Upon information and belief, the February 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

689.    Upon information and belief, on or about February 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "Second February 27, 2006 Advertisement"). The Second February 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second February 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

690.    Although the Second February 27, 2006 Advertisement prominently offers a

"FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second February 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second February 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

691.    Although the Second February 27, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the Second February 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Second February 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

692.    The Second February 27, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

693.    Upon information and belief, the Second February 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second February 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

694.    Upon information and belief, on or about February 27, 2006, Defendants

knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "Third February 27, 2006 Advertisement").  The Third February 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

695.    Although the Third February 27, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third February 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

696.    Although the Third February 27, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Third February 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

697.    The Third February 27, 2006 Advertisement states that it is from "Wireless LCD TV," which is, upon information and belief, a fictitious name used by one or more Defendants,

and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

698.    Upon information and belief, the Third February 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

699.    Upon information and belief, on or about February 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "February 28, 2006 Advertisement"). The February 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the February 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

700.    Although the February 28, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the February 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the February 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

701.    Although the February 28, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the February 28, 2006 Advertisement fails to

set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the February 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

702.    The February 28, 2006 Advertisement states that it is from "For the Golfer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

703.    Upon information and belief, the February 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the February 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

704.    Upon information and belief, on or about February 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "Second February 28, 2006 Advertisement"). The Second February 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second February 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

705.    Although the Second February 28, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second February

184

28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second February 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

706.   Although the Second February 28, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the Second February 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second February 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

707.   The Second February 28, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

708.   Upon information and belief, the Second February 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second February 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

709.   Upon information and belief, on or about February 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "Third February 28, 2006 Advertisement"). The Third February 28, 2006 Advertisement solicits consumers to

purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third February 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

710.    Although the Third February 28, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third February 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third February 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

711.    Although the Third February 28, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Third February 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third February 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

712.    The Third February 28, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

713.    Upon information and belief, the Third February 28, 2006 Advertisement fails to

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third February 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

714.    Upon information and belief, on or about February 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "Fourth February 28, 2006 Advertisement").   The Fourth February 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Fourth February 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

715.    Although the Fourth February 28, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Fourth February 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Fourth February 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

716.    Although the Fourth February 28, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Fourth February 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity

to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fourth February 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

717.    The Fourth February 28, 2006 Advertisement states that it is from "Brand New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

718.    Upon information and belief, the Fourth February 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth February 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

719.    Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos 32 inch widescreen LCD TV"  (hereinafter the "March 1, 2006 Advertisement").   The March 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

720.    Although the March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the

March 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos 32 inch widescreen LCD TV" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the March 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

721.   Although the March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos 32 inch widescreen LCD TV," upon information and belief, the March 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

722.   The March 1, 2006 Advertisement states that it is from "Hot New TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

723.   Upon information and belief, the March 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

724.   Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos LCD TV"  (hereinafter the "Second March 1, 2006 Advertisement").   The Second March 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a

solicitation for the sale of consumer goods and services. Accordingly, the Second March 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

725.    Although the Second March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos LCD TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

726.    Although the Second March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the Second March 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

727.    The Second March 1, 2006 Advertisement states that it is from "Widescreen TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

728.    Upon information and belief, the Second March 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

the Second March 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

729.   Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos LCD TV"   (hereinafter the "Third March 1, 2006 Advertisement").   The Third March 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third March 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

730.   Although the Third March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third March 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos LCD TV" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

731.   Although the Third March 1, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the Third March 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third March 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

732.   The Third March 1, 2006 Advertisement states that it is from "LCD Television

Parcel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

733.    Upon information and belief, the Third March 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

734.    Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "Fourth March 1, 2006 Advertisement").  The Fourth March 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fourth March 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

735.    Although the Fourth March 1, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fourth March 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fourth March 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

192

736.    Although the Fourth March 1, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Fourth March 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fourth March 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

737.    The Fourth March 1, 2006 Advertisement states that it is from "Wireless TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

738.    Upon information and belief, the Fourth March 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

739.    Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook"  (hereinafter the "Fifth March 1, 2006 Advertisement").   The Fifth March 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fifth March 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

740.    Although the Fifth March 1, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon

the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fifth March 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fifth March 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

741.    Although the Fifth March 1, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Fifth March 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fifth March 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

742.    The Fifth March 1, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

743.    Upon information and belief, the Fifth March 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

744.    Upon information and belief, on or about March 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Nikon camera"  (hereinafter the "March 2, 2006 Advertisement").  The March 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

745.    Although the March 2, 2006 Advertisement prominently offers a "FREE Nikon camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nikon camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

746.    Although the March 2, 2006 Advertisement prominently offers a "FREE Nikon camera," upon information and belief, the March 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

747.    The March 2, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

748.    Upon information and belief, the March 2, 2006 Advertisement fails to clearly

and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

749.    Upon information and belief, on or about March 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Drive and Iron Set"  (hereinafter the "Second March 2, 2006 Advertisement").  The Second March 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

750.    Although the Second March 2, 2006 Advertisement prominently offers a "FREE Ping Drive and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Drive and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

751.    Although the Second March 2, 2006 Advertisement prominently offers a "FREE Ping Drive and Iron Set," upon information and belief, the Second March 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

"FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

752. The Second March 2, 2006 Advertisement states that it is from "Tee Time," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

753. Upon information and belief, the Second March 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

754. Upon information and belief, on or about March 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "Third March 2, 2006 Advertisement"). The Third March 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

755. Although the Third March 2, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third March 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the

outset of the offer.   Accordingly, the Third March 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

756.    Although the Third March 2, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the Third March 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third March 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

757.    The Third March 2, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

758.    Upon information and belief, the Third March 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

759.    Upon information and belief, on or about March 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"    (hereinafter the "March 3, 2006 Advertisement").   The March 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

760.    Although the March 3, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

761.    Although the March 3, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the March 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

762.    The March 3, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

763.    Upon information and belief, the March 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

764.    Upon information and belief, on or about March 3, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop" (hereinafter the "Second March 3, 2006 Advertisement"). The Second March 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second March 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

765. Although the Second March 3, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

766. Although the Second March 3, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the Second March 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

767. The Second March 3, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

768.    Upon information and belief, the Second March 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

769.    Upon information and belief, on or about March 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony VAIO Notebook"  (hereinafter the "Third March 3, 2006 Advertisement").   The Third March 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

770.    Although the Third March 3, 2006 Advertisement prominently offers a "FREE Sony VAIO Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony VAIO Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

771.    Although the Third March 3, 2006 Advertisement prominently offers a "FREE Sony VAIO Notebook," upon information and belief, the Third March 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and

conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

772.    The Third March 3, 2006 Advertisement states that it is from "Notebook Color Decision," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

773.    Upon information and belief, the Third March 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

774.    Upon information and belief, on or about March 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "March 4, 2006 Advertisement").  The March 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

775.    Although the March 4, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 4, 2006

Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

776.   Although the March 4, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the March 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

777.   The March 4, 2006 Advertisement states that it is from "Freight Delivery," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

778.   Upon information and belief, the March 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

779.   Upon information and belief, on or about March 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Laptop"  (hereinafter the "Second March 4, 2006 Advertisement"). The Second March 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of

consumer goods and services. Accordingly, the Second March 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

780. Although the Second March 4, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

781. Although the Second March 4, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the Second March 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

782. The Second March 4, 2006 Advertisement states that it is from "Product Testers," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

783. Upon information and belief, the Second March 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

the Second March 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

784.    Upon information and belief, on or about March 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "March 5, 2006 Advertisement").  The March 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

785.    Although the March 5, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

786.    Although the March 5, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the March 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

787.    The March 5, 2006 Advertisement states that it is from "Play Golf," which is,

205

upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

788.   Upon information and belief, the March 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

789.   Upon information and belief, on or about March 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "March 6, 2006 Advertisement"). The March 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

790.   Although the March 6, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

791.   Although the March 6, 2006 Advertisement prominently offers a "FREE Apple

iBook," upon information and belief, the March 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

792.    The March 6, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

793.    Upon information and belief, the March 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

794.    Upon information and belief, on or about March 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons" (hereinafter the "Second March 6, 2006 Advertisement"). The Second March 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second March 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

795.    Although the Second March 6, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the Second March 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

796.    Although the Second March 6, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Second March 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

797.    The Second March 6, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

798.    Upon information and belief, the Second March 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

799.    Upon information and belief, on or about March 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos LCD TV"  (hereinafter the "Third March 6, 2006 Advertisement").  The Third March 6, 2006 Advertisement solicits consumers to purchase

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

800.   Although the Third March 6, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

801.   Although the Third March 6, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the Third March 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

802.   The Third March 6, 2006 Advertisement states that it is from "TV for you," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

803.   Upon information and belief, the Third March 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

209

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

804. Upon information and belief, on or about March 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Drive and Iron Set"   (hereinafter the "March 7, 2006 Advertisement").  The March 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

805. Although the March 7, 2006 Advertisement prominently offers a "FREE Ping Drive and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Drive and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

806. Although the March 7, 2006 Advertisement prominently offers a "FREE Ping Drive and Iron Set," upon information and belief, the March 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

210

807.    The March 7, 2006 Advertisement states that it is from "Driver and Iron Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

808.    Upon information and belief, the March 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

809.    Upon information and belief, on or about March 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook"  (hereinafter the "Second March 7, 2006 Advertisement").   The Second March 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

810.    Although the Second March 7, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

211

811.    Although the Second March 7, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Second March 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

812.    The Second March 7, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

813.    Upon information and belief, the Second March 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

814.    Upon information and belief, on or about March 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Lois Vuitton Pegase 60 suitcase"  (hereinafter the "March 8, 2006 Advertisement").  The March 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

815.    Although the March 8, 2006 Advertisement prominently offers a "FREE Lois

212

Vuitton Pegase 60 suitcase," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Lois Vuitton Pegase 60 suitcase" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

816.   Although the March 8, 2006 Advertisement prominently offers a "FREE Lois Vuitton Pegase 60 suitcase," upon information and belief, the March 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

817.   The March 8, 2006 Advertisement states that it is from "Designer Suitcase," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

818.   Upon information and belief, the March 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

819.   Upon information and belief, on or about March 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Mac Mini computer"  (hereinafter the "Second March 8, 2006 Advertisement").  The Second March 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

820.   Although the Second March 8, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

821.   Although the Second March 8, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the Second March 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

822.   The Second March 8, 2006 Advertisement states that it is from "Computer And Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

823.    Upon information and belief, the Second March 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

824.    Upon information and belief, on or about March 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos" (hereinafter the "Third March 8, 2006 Advertisement"). The Third March 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

825.    Although the Third March 8, 2006 Advertisement prominently offers a "FREE Sharp Aquos," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

826.    Although the Third March 8, 2006 Advertisement prominently offers a "FREE Sharp Aquos," upon information and belief, the Third March 8, 2006 Advertisement fails to set

forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

827.    The Third March 8, 2006 Advertisement states that it is from "March Freebie: TV for you," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

828.    Upon information and belief, the Third March 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

829.    Upon information and belief, on or about March 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "Fourth March 8, 2006 Advertisement").  The Fourth March 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fourth March 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

830.    Although the Fourth March 8, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies. However, upon information and belief, the Fourth March 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Fourth March 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

831. Although the Fourth March 8, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Fourth March 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Fourth March 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

832. The Fourth March 8, 2006 Advertisement states that it is from "Hot New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

833. Upon information and belief, the Fourth March 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

834. Upon information and belief, on or about March 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch driver and forged iron set" (hereinafter the "March 9, 2006 Advertisement"). The March 9, 2006 Advertisement solicits consumers to purchase

217

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

835. Although the March 9, 2006 Advertisement prominently offers a "FREE Nike SasQuatch driver and forged iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the March 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch driver and forged iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

836. Although the March 9, 2006 Advertisement prominently offers a "FREE Nike SasQuatch driver and forged iron set," upon information and belief, the March 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

837. The March 9, 2006 Advertisement states that it is from "Tigers Favorites," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

838. Upon information and belief, the March 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

address of the person transmitting the electronic mail advertisement. Therefore, the March 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

839.    Upon information and belief, on or about March 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set"  (hereinafter the "Second March 9, 2006 Advertisement").   The Second March 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Second March 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

840.    Although the Second March 9, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Second March 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Second March 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

841.    Although the Second March 9, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the Second March 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Second March 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

842.   The Second March 9, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

843.   Upon information and belief, the Second March 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

844.   Upon information and belief, on or about March 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"   (hereinafter the "Third March 9, 2006 Advertisement").   The Third March 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

845.   Although the Third March 9, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

846.    Although the Third March 9, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Third March 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."    Accordingly, the Third March 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

847.    The Third March 9, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

848.    Upon information and belief, the Third March 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

849.    Upon information and belief, on or about March 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "March 10, 2006 Advertisement").  The March 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.    Accordingly, the March 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

850.    Although the March 10, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's

participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 10, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

851.    Although the March 10, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the March 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

852.    The March 10, 2006 Advertisement states that it is from "Notebook Redemption," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

853.    Upon information and belief, the March 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 10, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

854.    Upon information and belief, on or about March 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "March 11, 2006 Advertisement").  The

222

March 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

855.   Although the March 11, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the March 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

856.   Although the March 11, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the March 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

857.   The March 11, 2006 Advertisement states that it is from "Notebook Redemption," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

858.   Upon information and belief, the March 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement,

223

the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

859.    Upon information and belief, on or about March 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "Second March 11, 2006 Advertisement").  The Second March 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

860.    Although the Second March 11, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

861.    Although the Second March 11, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Second March 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the

Second March 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

862.    The Second March 11, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

863.    Upon information and belief, the Second March 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

864.    Upon information and belief, on or about March 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos TV" (hereinafter the "March 12, 2006 Advertisement"). The March 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.    Accordingly, the March 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

865.    Although the March 12, 2006 Advertisement prominently offers a "FREE Sharp Aquos TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.    However, upon information and belief, the March 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and

retention of the "FREE Sharp Aquos TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

866.    Although the March 12, 2006 Advertisement prominently offers a "FREE Sharp Aquos TV," upon information and belief, the March 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

867.    The March 12, 2006 Advertisement states that it is from "TV For you," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

868.    Upon information and belief, the March 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

869.    Upon information and belief, on or about March 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "March 13, 2006 Advertisement").  The March 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.    Accordingly, the March 13, 2006 Advertisement is a "consumer

226

transaction" as defined in R.C. §1345.01(A).

870.    Although the March 13, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

871.    Although the March 13, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the March 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

872.    The March 13, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

873.    Upon information and belief, the March 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

227

874.    Upon information and belief, on or about March 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"  (hereinafter the "Second March 13, 2006 Advertisement").  The Second March 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

875.    Although the Second March 13, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

876.    Although the Second March 13, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Second March 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

877.    The Second March 13, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

878.    Upon information and belief, the Second March 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

879.    Upon information and belief, on or about March 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony PlayStation3 system plus $500 worth of games"  (hereinafter the "March 14, 2006 Advertisement").  The March 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 14, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

880.    Although the March 14, 2006 Advertisement prominently offers a "FREE Sony PlayStation3 system plus $500 worth of games," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony PlayStation3 system plus $500 worth of games" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

881.    Although the March 14, 2006 Advertisement prominently offers a "FREE Sony PlayStation3 system plus $500 worth of games," upon information and belief, the March 14, 2006

Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

882. The March 14, 2006 Advertisement states that it is from "Game System," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

883. Upon information and belief, the March 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

884. Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Laptop" (hereinafter the "March 15, 2006 Advertisement"). The March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

885. Although the March 15, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the March 15, 2006

230

Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

886.    Although the March 15, 2006 Advertisement prominently offers a "FREE Laptop," upon information and belief, the March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

887.    The March 15, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

888.    Upon information and belief, the March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

889.    Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "Second March 15, 2006 Advertisement"). The Second March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a

solicitation for the sale of consumer goods and services.  Accordingly, the Second March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

890.    Although the Second March 15, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

891.    Although the Second March 15, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Second March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

892.    The Second March 15, 2006 Advertisement states that it is from "Mobile TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

893.    Upon information and belief, the Second March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

232

the Second March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

894.    Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"   (hereinafter the "Third March 15, 2006 Advertisement").   The Third March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

895.    Although the Third March 15, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

896.    Although the Third March 15, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the Third March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

897.    The Third March 15, 2006 Advertisement states that it is from "Product Test

Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

898.     Upon information and belief, the Third March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

899.     Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"  (hereinafter the "Fourth March 15, 2006 Advertisement").  The Fourth March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fourth March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

900.     Although the Fourth March 15, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fourth March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fourth March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

901.     Although the Fourth March 15, 2006 Advertisement prominently offers a "FREE

234

Sony Vaio Laptop," upon information and belief, the Fourth March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Fourth March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

902.    The Fourth March 15, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

903.    Upon information and belief, the Fourth March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

904.    Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Laptop"   (hereinafter the "Fifth March 15, 2006 Advertisement").   The Fifth March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Fifth March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

905.    Although the Fifth March 15, 2006 Advertisement prominently offers a "FREE Toshiba Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the Fifth March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fifth March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

906.    Although the Fifth March 15, 2006 Advertisement prominently offers a "FREE Toshiba Laptop," upon information and belief, the Fifth March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Fifth March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

907.    The Fifth March 15, 2006 Advertisement states that it is from "Toshiba Laptop Receipt" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

908.    Upon information and belief, the Fifth March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

909.    Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop"  (hereinafter the "Sixth March 15, 2006

236

Advertisement").   The Sixth March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Sixth March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

910.   Although the Sixth March 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Sixth March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Sixth March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

911.   Although the Sixth March 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the Sixth March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Sixth March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

912.   The Sixth March 15, 2006 Advertisement states that it is from "Toshiba Laptop Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

913.   Upon information and belief, the Sixth March 15, 2006 Advertisement fails to

237

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Sixth March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

914.    Upon information and belief, on or about March 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "Seventh March 15, 2006 Advertisement").  The Seventh March 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Seventh March 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

915.    Although the Seventh March 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Seventh March 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Seventh March 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

916.    Although the Seventh March 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Seventh March 15, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

"FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Seventh March 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

917.   The Seventh March 15, 2006 Advertisement states that it is from "Hot New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

918.   Upon information and belief, the Seventh March 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Seventh March 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

919.   Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000"  (hereinafter the "March 16, 2006 Advertisement").  The March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

920.   Although the March 16, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and

retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

921.    Although the March 16, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

922.    The March 16, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

923.    Upon information and belief, the March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

924.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 Shopping Spree"  (hereinafter the "Second March 16, 2006 Advertisement").  The Second March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 16,

2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

925.   Although the Second March 16, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 Shopping Spree" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

926.   Although the Second March 16, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the Second March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

927.   The Second March 16, 2006 Advertisement states that it is from "News Letter," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

928.   Upon information and belief, the Second March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

929.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 Shopping Spree"  (hereinafter the "Third March 16, 2006 Advertisement").  The Third March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

930.    Although the Third March 16, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 Shopping Spree" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

931.    Although the Third March 16, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the Third March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

932.    The Third March 16, 2006 Advertisement states that it is from "News Letter," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

242

their authorized agents, in an effort to conceal or disguise the sender's true identity.

933.   Upon information and belief, the Third March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

934.   Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "Fourth March 16, 2006 Advertisement"). The Fourth March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Fourth March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

935.   Although the Fourth March 16, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Fourth March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Fourth March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

936.   Although the Fourth March 16, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the Fourth March 16, 2006

Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Fourth March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

937.    The Fourth March 16, 2006 Advertisement states that it is from "PC Shipment Confirmation," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

938.    Upon information and belief, the Fourth March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

939.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Compaq Desktop Package" (hereinafter the "Fifth March 16, 2006 Advertisement"). The Fifth March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Fifth March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

940.    Although the Fifth March 16, 2006 Advertisement prominently offers a "FREE Compaq Desktop Package," upon information and belief, the foregoing offer is contingent upon

the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fifth March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Compaq Desktop Package" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fifth March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

941.    Although the Fifth March 16, 2006 Advertisement prominently offers a "FREE Compaq Desktop Package," upon information and belief, the Fifth March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fifth March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

942.    The Fifth March 16, 2006 Advertisement states that it is from "Consumer Research," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

943.    Upon information and belief, the Fifth March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

944.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE HP Pavilion"  (hereinafter the "Sixth March 16, 2006 Advertisement"). The Sixth March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Sixth March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

945.   Although the Sixth March 16, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Sixth March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Sixth March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

946.   Although the Sixth March 16, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the Sixth March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Sixth March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

947.   The Sixth March 16, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

948.   Upon information and belief, the Sixth March 16, 2006 Advertisement fails to

246

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Sixth March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

949.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set"  (hereinafter the "Seventh March 16, 2006 Advertisement").  The Seventh March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Seventh March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

950.    Although the Seventh March 16, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Seventh March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Seventh March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

951.    Although the Seventh March 16, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the Seventh March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity

to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Seventh March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

952.    The Seventh March 16, 2006 Advertisement states that it is from "Golf Pro," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

953.    Upon information and belief, the Seventh March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Seventh March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

954.    Upon information and belief, on or about March 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Vaio Laptop"  (hereinafter the "Eighth March 16, 2006 Advertisement").  The Eighth March 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Eighth March 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

955.    Although the Eighth March 16, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Eighth March 16, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt

and retention of the "FREE Sony Vaio Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Eighth March 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

956. Although the Eighth March 16, 2006 Advertisement prominently offers a "FREE Sony Vaio Laptop," upon information and belief, the Eighth March 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Eighth March 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

957. The Eighth March 16, 2006 Advertisement states that it is from "Free Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

958. Upon information and belief, the Eighth March 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Eighth March 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

959. Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000" (hereinafter the "March 17, 2006 Advertisement"). The March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 17, 2006 Advertisement is a "consumer

transaction" as defined in R.C. §1345.01(A).

960.   Although the March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

961.   Although the March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

962.   The March 17, 2006 Advertisement states that it is from "Be a Secret Customer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

963.   Upon information and belief, the March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

964.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000"  (hereinafter the "Second March 17, 2006 Advertisement"). The Second March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

965.    Although the Second March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

966.    Although the Second March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the Second March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Second March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

967.    The Second March 17, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more

Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

968.   Upon information and belief, the Second March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

969.   Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000" (hereinafter the "Third March 17, 2006 Advertisement"). The Third March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

970.   Although the Third March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

971.   Although the Third March 17, 2006 Advertisement prominently offers a "FREE

252

$1,000," upon information and belief, the Third March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

972.    The Third March 17, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

973.    Upon information and belief, the Third March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

974.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000"  (hereinafter the "Fourth March 17, 2006 Advertisement").  The Fourth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fourth March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

975.    Although the Fourth March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's

participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Fourth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Fourth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

976. Although the Fourth March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the Fourth March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Fourth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

977. The Fourth March 17, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

978. Upon information and belief, the Fourth March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

979. Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering "FREE $1,000" (hereinafter the "Fifth March 17, 2006 Advertisement").  The Fifth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fifth March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

980.   Although the Fifth March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fifth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Fifth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

981.   Although the Fifth March 17, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the Fifth March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fifth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

982.   The Fifth March 17, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

983.   Upon information and belief, the Fifth March 17, 2006 Advertisement fails to

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

984.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 Shopping Spree"  (hereinafter the "Sixth March 17, 2006 Advertisement").   The Sixth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Sixth March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

985.    Although the Sixth March 17, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Sixth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 Shopping Spree" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Sixth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

986.    Although the Sixth March 17, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the Sixth March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

"FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Sixth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

987.    The Sixth March 17, 2006 Advertisement states that it is from "Deal Champ," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

988.    Upon information and belief, the Sixth March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Sixth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

989.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 Shopping Spree"  (hereinafter the "Seventh March 17, 2006 Advertisement").  The Seventh March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Seventh March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

990.    Although the Seventh March 17, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Seventh March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 Shopping Spree" is contingent, clearly and

conspicuously at the outset of the offer. Accordingly, the Seventh March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

991.    Although the Seventh March 17, 2006 Advertisement prominently offers a "FREE $1,000 Shopping Spree," upon information and belief, the Seventh March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Seventh March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

992.    The Seventh March 17, 2006 Advertisement states that it is from "Deal Champ," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

993.    Upon information and belief, the Seventh March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Seventh March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

994.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion" (hereinafter the "Eighth March 17, 2006 Advertisement"). The Eighth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Eighth March 17,

258

2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

995.    Although the Eighth March 17, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Eighth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Eighth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

996.    Although the Eighth March 17, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the Eighth March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Eighth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

997.    The Eighth March 17, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

998.    Upon information and belief, the Eighth March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Eighth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

999.    Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"   (hereinafter the "Ninth March 17, 2006 Advertisement").   The Ninth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Ninth March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1000.  Although the Ninth March 17, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Ninth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Ninth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1001.  Although the Ninth March 17, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the Ninth March 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Ninth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1002.  The Ninth March 17, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants,

and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1003.  Upon information and belief, the Ninth March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Ninth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1004.  Upon information and belief, on or about March 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop"  (hereinafter the "Tenth March 17, 2006 Advertisement").  The Tenth March 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Tenth March 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1005.  Although the Tenth March 17, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Tenth March 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Tenth March 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1006.  Although the Tenth March 17, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the Tenth March 17, 2006 Advertisement

fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Tenth March 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1007. The Tenth March 17, 2006 Advertisement states that it is from "Toshiba Laptop Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1010. Upon information and belief, the Tenth March 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Tenth March 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1011. Upon information and belief, on or about March 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion" (hereinafter the "March 18, 2006 Advertisement"). The March 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1012. Although the March 18, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's

expenditure of monies.  However, upon information and belief, the March 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1013.   Although the March 18, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the March 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1014.   The March 18, 2006 Advertisement states that it is from "Distributions Dept," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1015.   Upon information and belief, the March 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1016.   Upon information and belief, on or about March 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Namebrand laptop"  (hereinafter the "Second March 18, 2006 Advertisement").  The Second March 18, 2006 Advertisement solicits consumers to purchase

263

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Second March 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1017.  Although the Second March 18, 2006 Advertisement prominently offers a "FREE Namebrand laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Namebrand laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1018.  Although the Second March 18, 2006 Advertisement prominently offers a "FREE Namebrand laptop," upon information and belief, the Second March 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1019.  The Second March 18, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1020.  Upon information and belief, the Second March 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

264

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1021.   Upon information and belief, on or about March 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Callaway Irons"  (hereinafter the "Third March 18, 2006 Advertisement").   The Third March 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1022.   Although the Third March 18, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Callaway Irons" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1023.   Although the Third March 18, 2006 Advertisement prominently offers a "FREE Set of Callaway Irons," upon information and belief, the Third March 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

265

1024.  The Third March 18, 2006 Advertisement states that it is from "Swing Better," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1025.  Upon information and belief, the Third March 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1026.  Upon information and belief, on or about March 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "March 19, 2006 Advertisement").  The March 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1027.  Although the March 19, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

266

1028.  Although the March 19, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the March 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1029.  The March 19, 2006 Advertisement states that it is from "Quality-Pictures," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1030.  Upon information and belief, the March 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1031.  Upon information and belief, on or about March 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"  (hereinafter the "Second March 19, 2006 Advertisement").  The Second March 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1032.  Although the Second March 19, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's

participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1033. Although the Second March 19, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the Second March 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1034. The Second March 19, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1035. Upon information and belief, the Second March 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1036. Upon information and belief, on or about March 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV" (hereinafter the "Third March 19, 2006

Advertisement"). The Third March 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1037. Although the Third March 19, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third March 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third March 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1038. Although the Third March 19, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Third March 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third March 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1039. The Third March 19, 2006 Advertisement states that it is from "Mobile TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1040. Upon information and belief, the Third March 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1041.   Upon information and belief, on or about March 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000" (hereinafter the "March 20, 2006 Advertisement"). The March 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1042. Although the March 20, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1043. Although the March 20, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the March 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 20, 2006 Advertisement violates O.A.C.

270

§109:4-3-02(A)(1) and R.C. §1345.02(A).

1044. The March 20, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1045. Upon information and belief, the March 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1046. Upon information and belief, on or about March 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook" (hereinafter the "Third March 20, 2006 Advertisement"). The Third March 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1047. Although the Third March 20, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third March 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third March 20, 2006 Advertisement violates O.A.C.

271

§109:4-3-04(C) and R.C. §1345.02(A).

1048.  Although the Third March 20, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the Third March 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1049.  The Third March 20, 2006 Advertisement states that it is from "New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1050.  Upon information and belief, the Third March 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1051.  Upon information and belief, on or about March 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook"  (hereinafter the "Fourth March 20, 2006 Advertisement").  The Fourth March 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fourth March 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1052.  Although the Fourth March 20, 2006 Advertisement prominently offers a "FREE

272

Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fourth March 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fourth March 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1053.  Although the Fourth March 20, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Fourth March 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fourth March 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1054.  The Fourth March 20, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1055.  Upon information and belief, the Fourth March 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1056.   Upon information and belief, on or about March 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"  (hereinafter the "March 21, 2006 Advertisement").  The March 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.    Accordingly, the March 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1057.   Although the March 21, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.    However, upon information and belief, the March 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1058.   Although the March 21, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the March 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1059.   The March 21, 2006 Advertisement states that it is from "Distributions Dept," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

1060.  Upon information and belief, the March 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1061.  Upon information and belief, on or about March 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini computer"  (hereinafter the "Second March 21, 2006 Advertisement").  The Second March 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1062.  Although the Second March 21, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Mini computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1063.  Although the Second March 21, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the Second March 21, 2006 Advertisement

fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1064. The Second March 21, 2006 Advertisement states that it is from "Computer and Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1065. Upon information and belief, the Second March 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1066. Upon information and belief, on or about March 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "Third March 21, 2006 Advertisement"). The Third March 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1067. Although the Third March 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the Third March 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1068.  Although the Third March 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the Third March 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1069.  The Third March 21, 2006 Advertisement states that it is from "Laptop Distribution," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1070.  Upon information and belief, the Third March 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1071.  Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera"  (hereinafter the

"March 22, 2006 Advertisement").  The March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1072.  Although the March 22, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1073.  Although the March 22, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1074.  The March 22, 2006 Advertisement states that it is from "Free Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1075.  Upon information and belief, the March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement,

the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1076.   Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE iPod Video"    (hereinafter the "Second March 22, 2006 Advertisement").   The Second March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Second March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1077.   Although the Second March 22, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Second March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE iPod Video" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Second March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1078.   Although the Second March 22, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the Second March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Second March 22, 2006 Advertisement

279

violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1079.   The Second March 22, 2006 Advertisement states that it is from "New Product Alert," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1080.   Upon information and belief, the Second March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1081.   Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE iPod Video"  (hereinafter the "Third March 22, 2006 Advertisement"). The Third March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1082.   Although the Third March 22, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE iPod Video" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C)

280

and R.C. §1345.02(A).

1083.   Although the Third March 22, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the Third March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third March 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1084.   The Third March 22, 2006 Advertisement states that it is from "New Product Alert," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1085.   Upon information and belief, the Third March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1086.   Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony LocationFree TV"  (hereinafter the "Fourth March 22, 2006 Advertisement").   The Fourth March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Fourth March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1087.   Although the Fourth March 22, 2006 Advertisement prominently offers a "FREE

281

Sony LocationFree TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fourth March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony LocationFree TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Fourth March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1088.  Although the Fourth March 22, 2006 Advertisement prominently offers a "FREE Sony LocationFree TV," upon information and belief, the Fourth March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fourth March 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1089.  The Fourth March 22, 2006 Advertisement states that it is from "Wireless LCD TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1090.  Upon information and belief, the Fourth March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1091.  Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Toshiba Tablet PC"  (hereinafter the "Fifth March 22, 2006 Advertisement").   The Fifth March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Fifth March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1092.  Although the Fifth March 22, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Fifth March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Fifth March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1093.  Although the Fifth March 22, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Fifth March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Fifth March 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1094.  The Fifth March 22, 2006 Advertisement states that it is from "High Tech Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1095.   Upon information and belief, the Fifth March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1096.   Upon information and belief, on or about March 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC"  (hereinafter the "Sixth March 22, 2006 Advertisement").   The Sixth March 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Sixth March 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1097.   Although the Sixth March 22, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Sixth March 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Sixth March 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1098.   Although the Sixth March 22, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the Sixth March 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions

of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Sixth March 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1099. The Sixth March 22, 2006 Advertisement states that it is from "High Tech Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1100. Upon information and belief, the Sixth March 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Sixth March 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1101. Upon information and belief, on or about March 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering "FREE $1,000" (hereinafter the "March 23, 2006 Advertisement"). The March 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1102. Although the March 23, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the March 23, 2006

285

Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1103.   Although the March 23, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the March 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1104.   The March 23, 2006 Advertisement states that it is from "Mystery Shopper," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1105.   Upon information and belief, the March 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1106.   Upon information and belief, on or about March 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Computer"   (hereinafter the "Second March 23, 2006 Advertisement").   The Second March 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a

solicitation for the sale of consumer goods and services.  Accordingly, the Second March 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1107.   Although the Second March 23, 2006 Advertisement prominently offers a "FREE HP Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Second March 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Second March 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1108.   Although the Second March 23, 2006 Advertisement prominently offers a "FREE HP Computer," upon information and belief, the Second March 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Second March 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1109.  The Second March 23, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1110.   Upon information and belief, the Second March 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1111.  Upon information and belief, on or about March 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike Driver and Iron set"  (hereinafter the "Third March 23, 2006 Advertisement").   The Third March 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1112.  Although the Third March 23, 2006 Advertisement prominently offers a "FREE Nike Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1113.  Although the Third March 23, 2006 Advertisement prominently offers a "FREE Nike Driver and Iron set," upon information and belief, the Third March 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1114.   The Third March 23, 2006 Advertisement states that it is from "Golf Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1115.   Upon information and belief, the Third March 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1116.   Upon information and belief, on or about March 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon EOS Camera"   (hereinafter the "March 24, 2006 Advertisement").  The March 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1117.   Although the March 24, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon EOS Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

289

1118.   Although the March 24, 2006 Advertisement prominently offers a "FREE Canon EOS Camera," upon information and belief, the March 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1119.   The March 24, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1120.   Upon information and belief, the March 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1121.   Upon information and belief, on or about March 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"   (hereinafter the "Second March 24, 2006 Advertisement").  The Second March 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Second March 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1122.   Although the Second March 24, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's

participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Second March 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second March 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1123.  Although the Second March 24, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the Second March 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Second March 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1124.  The Second March 24, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1125.  Upon information and belief, the Second March 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Second March 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1126.  Upon information and belief, on or about March 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook"  (hereinafter the "Third March 24, 2006

Advertisement").  The Third March 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1127.  Although the Third March 24, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1128.  Although the Third March 24, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the Third March 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1129.  The Third March 24, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1130.  Upon information and belief, the Third March 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

292

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1131.   Upon information and belief, on or about March 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "Fourth March 24, 2006 Advertisement"). The Fourth March 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Fourth March 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1132.   Although the Fourth March 24, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Fourth March 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Fourth March 24, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1133.   Although the Fourth March 24, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the Fourth March 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Fourth March

293

24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1134.   The Fourth March 24, 2006 Advertisement states that it is from "Golf Season," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1135.   Upon information and belief, the Fourth March 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fourth March 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1136.   Upon information and belief, on or about March 24, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop"  (hereinafter the "Fifth  March  24,  2006 Advertisement").   The Fifth March 24, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Fifth March 24, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1137.   Although the Fifth  March 24, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Fifth March 24, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Fifth March 24, 2006 Advertisement violates O.A.C.

§109:4-3-04(C) and R.C. §1345.02(A).

1138.   Although the Fifth March 24, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the Fifth  March 24, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Fifth March 24, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1139.   The Fifth March 24, 2006 Advertisement states that it is from "Toshiba Laptop Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1140.   Upon information and belief, the Fifth  March 24, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Fifth March 24, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1141.   Upon information and belief, on or about March 25, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 8.2 Megapixel Canon EOS Digital Camera"  (hereinafter the "March 25, 2006 Advertisement").  The March 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1142.   Although the March 25, 2006 Advertisement prominently offers a "FREE 8.2 Megapixel Canon EOS Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 8.2 Megapixel Canon EOS Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the March 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1143.   Although the March 25, 2006 Advertisement prominently offers a "FREE 8.2 Megapixel Canon EOS Digital Camera," upon information and belief, the March 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1144.   The March 25, 2006 Advertisement states that it is from "Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1145.   Upon information and belief, the March 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1146.   Upon information and belief, on or about March 25, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "second March 25, 2006 Advertisement"). The second March 25, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second March 25, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1147. Although the second March 25, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second March 25, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second March 25, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1148. Although the second March 25, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second March 25, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second March 25, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1149. The second March 25, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the

297

sender's true identity.

1150.  Upon information and belief, the second March 25, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 25, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1151.  Upon information and belief, on or about March 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000"  (hereinafter the "March 26, 2006 Advertisement").  The March 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1152. Although the March 26, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1153. Although the March 26, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the March 26, 2006 Advertisement fails to set forth all of

the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1154.   The March 26, 2006 Advertisement states that it is from "Be a Secret Customer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1155.   Upon information and belief, the March 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1156.   Upon information and belief, on or about March 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "second March 26, 2006 Advertisement"). The second March 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second March 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1157.   Although the second March 26, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second March

299

26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second March 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1158.   Although the second March 26, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second March 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second March 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1159.   The second March 26, 2006 Advertisement states that it is from "Computer Distribution Center," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1160.   Upon information and belief, the second March 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1161.   Upon information and belief, on or about March 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"   (hereinafter the "Third March 26, 2006 Advertisement").   The Third March 26, 2006 Advertisement solicits consumers to purchase

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1162.  Although the Third March 26, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1163.  Although the Third March 26, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the Third March 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1164.  The Third March 26, 2006 Advertisement states that it is from "Computer Distribution Center," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1165.  Upon information and belief, the Third March 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1166.   Upon information and belief, on or about March 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set" (hereinafter the "fourth March 26, 2006 Advertisement").   The fourth March 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fourth March 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1167.   Although the fourth March 26, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the fourth March 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the fourth March 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1168.   Although the fourth March 26, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the fourth March 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the

302

fourth March 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1169.   The fourth March 26, 2006 Advertisement states that it is from "GolfSet," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1170.   Upon information and belief, the fourth March 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth March 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1171.   Upon information and belief, on or about March 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "March 27, 2006 Advertisement").  The March 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1172.  Although the March 27, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C.

§1345.02(A).

1173.   Although the March 27, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the March 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the March 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1174.   The March 27, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1175.   Upon information and belief, the March 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1176.   Upon information and belief, on or about March 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook"  (hereinafter the "second March 27, 2006 Advertisement").   The second March 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second March 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1177.   Although the second March 27, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second March 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second March 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1178.   Although the second March 27, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the second March 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second March 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1179.   The second March 27, 2006 Advertisement states that it is from "Notebook Upgrade," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1180.   Upon information and belief, the second March 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1181.   Upon information and belief, on or about March 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE iPod Video"  (hereinafter the "Third March 27, 2006 Advertisement"). The Third March 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third March 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1182.   Although the Third March 27, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third March 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE iPod Video" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third March 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1183.   Although the Third March 27, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the Third March 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third March 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1184.  The Third March 27, 2006 Advertisement states that it is from "Watch and Listen," which is, upon information and belief, a fictitious name used by one or more

Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1185.   Upon information and belief, the Third March 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1186.   Upon information and belief, on or about March 27, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp Aquos LCD TV"  (hereinafter the "fourth March 27, 2006 Advertisement").   The fourth March 27, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth March 27, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1189.   Although the fourth March 27, 2006 Advertisement prominently offers a "FREE Sharp Aquos LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth March 27, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sharp Aquos LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth March 27, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1190.   Although the fourth March 27, 2006 Advertisement prominently offers a "FREE

Sharp Aquos LCD TV," upon information and belief, the fourth March 27, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth March 27, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1191.   The fourth March 27, 2006 Advertisement states that it is from "Hot New TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1192.   Upon information and belief, the fourth March 27, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth March 27, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1193.   Upon information and belief, on or about March 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron Set"  (hereinafter the "March 28, 2006 Advertisement").  The March 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1194.   Although the March 28, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the March 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1195.  Although the March 28, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron Set," upon information and belief, the March 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1196.  The March 28, 2006 Advertisement states that it is from "Pro Equipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1197.  Upon information and belief, the March 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1198.  Upon information and belief, on or about March 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook"  (hereinafter the "second March 28, 2006 Advertisement").  The second March 28, 2006 Advertisement solicits consumers to purchase

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second March 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1199.  Although the second March 28, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second March 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second March 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1201.  Although the second March 28, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the second March 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second March 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1202.  The second March 28, 2006 Advertisement states that it is from "iBook Tracking Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1203.  Upon information and belief, the second March 28, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1204.   Upon information and belief, on or about March 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE iPod Nano"  (hereinafter the "March 29, 2006 Advertisement").  The March 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the March 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1205.   Although the March 29, 2006 Advertisement prominently offers a "FREE iPod Nano," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the March 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE iPod Nano" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1206.   Although the March 29, 2006 Advertisement prominently offers a "FREE iPod Nano," upon information and belief, the March 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 29, 2006 Advertisement violates O.A.C.

§109:4-3-02(A)(1) and R.C. §1345.02(A).

1207.   The March 29, 2006 Advertisement states that it is from "Listen to Music," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1208.   Upon information and belief, the March 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1209.   Upon information and belief, on or about March 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set"  (hereinafter the "second March 29, 2006 Advertisement").   The second March 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second March 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1210.   Although the second March 29, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second March 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second March

29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1211.   Although the second March 29, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the second March 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second March 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1212.   The second March 29, 2006 Advertisement states that it is from "Better Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1213.   Upon information and belief, the second March 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1214.   Upon information and belief, on or about March 29, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron Set"  (hereinafter the "Third March 29, 2006 Advertisement").   The Third March 29, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 29, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1215.  Although the Third March 29, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 29, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 29, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1216.  Although the Third March 29, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron Set," upon information and belief, the Third March 29, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 29, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1217.  The Third March 29, 2006 Advertisement states that it is from "Driver and Iron Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1218.  Upon information and belief, the Third March 29, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 29, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1219.  Upon information and belief, on or about March 30, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE 10.3 megapixel Sony Cybershot Digital Camera" (hereinafter the "March 30, 2006 Advertisement"). The March 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1220. Although the March 30, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE 10.3 megapixel Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the March 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1221. Although the March 30, 2006 Advertisement prominently offers a "FREE 10.3 megapixel Sony Cybershot Digital Camera," upon information and belief, the March 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1222. The March 30, 2006 Advertisement states that it is from "Complimentary Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true

identity.

1223.   Upon information and belief, the March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1224.   Upon information and belief, on or about March 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"   (hereinafter the "second March 30, 2006 Advertisement").   The second March 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1225.   Although the second March 30, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second March 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1226.   Although the second March 30, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second March 30, 2006 Advertisement fails to set

forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1227. The second March 30, 2006 Advertisement states that it is from "Portable Computer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1228. Upon information and belief, the second March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1229. Upon information and belief, on or about March 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook" (hereinafter the "Third March 30, 2006 Advertisement"). The Third March 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1230. Although the Third March 30, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the Third March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1231.  Although the Third March 30, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the Third March 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1232.  The Third March 30, 2006 Advertisement states that it is from "Notebook on us," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1233.  Upon information and belief, the Third March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1234.  Upon information and belief, on or about March 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"  (hereinafter the "fourth March 30, 2006 Advertisement").  The fourth March 30, 2006 Advertisement solicits consumers to purchase

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1235. Although the fourth March 30, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth March 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1236. Although the fourth March 30, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the fourth March 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1237. The fourth March 30, 2006 Advertisement states that it is from "Distributions Dept," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1238. Upon information and belief, the fourth March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1239.   Upon information and belief, on or about March 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Cybershot Digital Camera"  (hereinafter the "fifth March 30, 2006 Advertisement").  The fifth March 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fifth March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1240.   Although the fifth March 30, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Cybershot Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth March 30, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1241.   Although the fifth March 30, 2006 Advertisement prominently offers a "FREE Sony Cybershot Digital Camera," upon information and belief, the fifth March 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fifth March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1242.  The fifth March 30, 2006 Advertisement states that it is from "Complimentary Digital Camera," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1243.  Upon information and belief, the fifth March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1244.  Upon information and belief, on or about March 30, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop"  (hereinafter the "sixth March 30, 2006 Advertisement").  The sixth March 30, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the sixth March 30, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1245.  Although the sixth March 30, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the sixth March 30, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth March 30, 2006 Advertisement violates O.A.C.

§109:4-3-04(C) and R.C. §1345.02(A).

1246.   Although the sixth March 30, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the sixth March 30, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the sixth March 30, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1247.   The sixth March 30, 2006 Advertisement states that it is from "Toshiba Laptop Receipt," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1248.   Upon information and belief, the sixth March 30, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth March 30, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1249.   Upon information and belief, on or about March 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Chanel Purse and set of sunglasses"  (hereinafter the "March 31, 2006 Advertisement").  The March 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the March 31, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1250.  Although the March 31, 2006 Advertisement prominently offers a "FREE Chanel Purse and set of sunglasses," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the March 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Chanel Purse and set of sunglasses" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the March 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1251.  Although the March 31, 2006 Advertisement prominently offers a "FREE Chanel Purse and set of sunglasses," upon information and belief, the March 31, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the March 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1252.  The March 31, 2006 Advertisement states that it is from "Designer Purse and Sunglasses," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1253.  Upon information and belief, the March 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the March 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1254.   Upon information and belief, on or about March 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"   (hereinafter the "second March 31, 2006 Advertisement").   The second March 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second March 31, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1256.   Although the second March 31, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second March 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second March 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1257.   Although the second March 31, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the second March 31, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second March 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1258.   The second March 31, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants,

and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1259.  Upon information and belief, the second March 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second March 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1260.  Upon information and belief, on or about March 31, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Media Center Notebook"  (hereinafter the "Third March 31, 2006 Advertisement").  The Third March 31, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third March 31, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1261.  Although the Third March 31, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third March 31, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Media Center Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third March 31, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1262.  Although the Third March 31, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the Third March 31, 2006

Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third March 31, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1263.  The Third March 31, 2006 Advertisement states that it is from "Latest Technology," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1264.  Upon information and belief, the Third March 31, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third March 31, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1265.  Upon information and belief, on or about April 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Compaq Presario"  (hereinafter the "April 1, 2006 Advertisement"). The April 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1266.  Although the April 1, 2006 Advertisement prominently offers a "FREE Compaq Presario," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's

327 of 439

expenditure of monies.  However, upon information and belief, the April 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Compaq Presario," is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the April 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1267.   Although the April 1, 2006 Advertisement prominently offers a "FREE Compaq Presario," upon information and belief, the April 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1268.   The April 1, 2006 Advertisement states that it is from "ComputerTesters," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1269.   Upon information and belief, the April 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1270.   Upon information and belief, on or about April 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Media Center Notebook"  (hereinafter the "second April 1, 2006 Advertisement").  The second April 1, 2006 Advertisement solicits consumers to purchase

327

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second April 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1271. Although the second April 1, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the second April 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Media Center Notebook," is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the second April 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1272. Although the second April 1, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the second April 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second April 1, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1273. The second April 1, 2006 Advertisement states that it is from "Latest Technology," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1274. Upon information and belief, the second April 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

328

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1275.   Upon information and belief, on or about April 1, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook"   (hereinafter the "Third April 1, 2006 Advertisement").   The Third April 1, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 1, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1276.   Although the Third April 1, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third April 1, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook," is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third April 1, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1277.   Although the Third April 1, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the Third April 1, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 1, 2006 Advertisement

violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1278.   The Third April 1, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1279.   Upon information and belief, the Third April 1, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 1, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1280.   Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook" (hereinafter the "April 2, 2006 Advertisement"). The April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1281.  Although the April 2, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook," is contingent, clearly and conspicuously at the outset of the offer. Accordingly,  the  April  2,  2006  Advertisement  violates  O.A.C.  §109:4-3-04(C)  and  R.C.

§1345.02(A).

1282.   Although the April 2, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1283.   The April 2, 2006 Advertisement states that it is from "Notebook Upgrade," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1284.   Upon information and belief, the April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1285.   Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Canon Digital Camera" (hereinafter the "second April 2, 2006 Advertisement").   The second April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1286.   Although the second April 2, 2006 Advertisement prominently offers a "FREE

Canon Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Canon Digital Camera," is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1287.   Although the second April 2, 2006 Advertisement prominently offers a "FREE Canon Digital Camera," upon information and belief, the second April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1288.   The second April 2, 2006 Advertisement states that it is from "Vacation Pictures," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1289.   Upon information and belief, the second April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1290.   Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Dyson and Roomba vacuum cleaners" (hereinafter the "Third April 2, 2006 Advertisement").  The Third April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1291.  Although the Third April 2, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Dyson and Roomba vacuum cleaners," is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1292.  Although the Third April 2, 2006 Advertisement prominently offers a "FREE Dyson and Roomba vacuum cleaners," upon information and belief, the Third April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1293.  The Third April 2, 2006 Advertisement states that it is from "Performance Vacuums," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1294.   Upon information and belief, the Third April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1295.   Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Media Center Notebook" (hereinafter the "fourth April 1, 2006 Advertisement"). The fourth April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1296.   Although the fourth April 2, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Media Center Notebook," is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1297.   Although the fourth April 2, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the fourth April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1298.   The fourth April 2, 2006 Advertisement states that it is from "Latest Technology," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1299.   Upon information and belief, the fourth April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1300.   Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook"   (hereinafter the "fifth April 1, 2006 Advertisement").   The fifth April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1301.  Although the fifth April 2, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt

335

and retention of the "FREE HP Pavilion Notebook," is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1302. Although the fifth April 2, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the fifth April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1303. The fifth April 2, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1304. Upon information and belief, the fifth April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1305. Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron set" (hereinafter the "sixth April 2, 2006 Advertisement"). The sixth April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the sixth April 2, 2006

Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1306.   Although the sixth April 2, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the sixth April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the sixth April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1307.   Although the sixth April 2, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron set," upon information and belief, the sixth April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the sixth April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1308.   The sixth April 2, 2006 Advertisement states that it is from "Golf Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1309.   Upon information and belief, the sixth April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1310.  Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Golf Clubs"   (hereinafter the "seventh April 2, 2006 Advertisement").   The seventh April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the seventh April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1311.  Although the seventh April 2, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the seventh April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Golf Clubs" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the seventh April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1312.  Although the seventh April 2, 2006 Advertisement prominently offers a "FREE Set of Golf Clubs," upon information and belief, the seventh April 2, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the seventh April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1313.  The seventh April 2, 2006 Advertisement states that it is from "Pro Golf Swing," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

1314. Upon information and belief, the seventh April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the seventh April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1315. Upon information and belief, on or about April 2, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE TaylorMade r7 Driver" (hereinafter the "eighth April 2, 2006 Advertisement"). The eighth April 2, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the eighth April 2, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1316. Although the eighth April 2, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the eighth April 2, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE TaylorMade r7 Driver" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the eighth April 2, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1317. Although the eighth April 2, 2006 Advertisement prominently offers a "FREE TaylorMade r7 Driver," upon information and belief, the eighth April 2, 2006 Advertisement fails

to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the eighth April 2, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1318.   The eighth April 2, 2006 Advertisement states that it is from "Play Golf," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1319.   Upon information and belief, the eighth April 2, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the eighth April 2, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1320.   Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000"  (hereinafter the "April 3, 2006 Advertisement").  The April 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1321.   Although the April 3, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the April 3, 2006 Advertisement fails to set forth the

terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1322.  Although the April 3, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1323.  The April 3, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1324.  Upon information and belief, the April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1325.  Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "second April 3, 2006 Advertisement"). The second April 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the second April 3, 2006 Advertisement is a

"consumer transaction" as defined in R.C. §1345.01(A).

1326.  Although the second April 3, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1327.  Although the second April 3, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1328.  The second April 3, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1329.  Upon information and belief, the second April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore,

the second April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1330. Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Burberry Coat and Satchel set" (hereinafter the "Third April 3, 2006 Advertisement"). The Third April 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the Third April 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1331. Although the Third April 3, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third April 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Burberry Coat and Satchel set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1332. Although the Third April 3, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the Third April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1333. The Third April 3, 2006 Advertisement states that it is from "Designer Coat and

purse," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1334.  Upon information and belief, the Third April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1335.  Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Media Center Notebook" (hereinafter the "fourth April 3, 2006 Advertisement").  The fourth April 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth April 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1336.  Although the fourth April 3, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth April 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Media Center Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1337.  Although the fourth April 3, 2006 Advertisement prominently offers a "FREE HP

344

Pavilion Media Center Notebook," upon information and belief, the fourth April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1338.   The fourth April 3, 2006 Advertisement states that it is from "Latest Technology," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1339.   Upon information and belief, the fourth April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1340.   Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony PlayStation 3"   (hereinafter the "fifth April 3, 2006 Advertisement").   The fifth April 3, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth April 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1341.   Although the fifth April 3, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies.  However, upon information and belief, the fifth April 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony PlayStation 3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1342.   Although the fifth April 3, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the fifth April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the fifth April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1343.   The fifth April 3, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1344.   Upon information and belief, the fifth April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1345.   Upon information and belief, on or about April 3, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony PlayStation 3"   (hereinafter the "sixth April 3, 2006 Advertisement").   The sixth April 3, 2006 Advertisement solicits consumers to purchase

346

consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the sixth April 3, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1346. Although the sixth April 3, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the sixth April 3, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony PlayStation 3" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the sixth April 3, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1347. Although the sixth April 3, 2006 Advertisement prominently offers a "FREE Sony PlayStation 3," upon information and belief, the sixth April 3, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the sixth April 3, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1348. The sixth April 3, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1349. Upon information and belief, the sixth April 3, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful

347

electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 3, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1350.   Upon information and belief, on or about April 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook"   (hereinafter the "April 4, 2006 Advertisement").   The April 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the April 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1351.   Although the April 4, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the April 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the April 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1352.   Although the April 4, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the April 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

348

1353.   The April 4, 2006 Advertisement states that it is from "Distributions Dept.," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1354.   Upon information and belief, the April 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1355.   Upon information and belief, on or about April 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Panasonic 32 inch LCD TV"  (hereinafter the "second April 4, 2006 Advertisement").   The second April 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1356.   Although the second April 4, 2006 Advertisement prominently offers a "FREE Panasonic 32 inch LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Panasonic 32 inch LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1357.  Although the second April 4, 2006 Advertisement prominently offers a "FREE Panasonic 32 inch LCD TV," upon information and belief, the second April 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1358.  The second April 4, 2006 Advertisement states that it is from "TV on us," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1359.  Upon information and belief, the second April 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1360.  Upon information and belief, on or about April 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Playstation 3"   (hereinafter the "Third April 4, 2006 Advertisement").   The Third April 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1361.  Although the Third April 4, 2006 Advertisement prominently offers a "FREE Sony Playstation 3," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third April 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Playstation 3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third April 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1362.  Although the Third April 4, 2006 Advertisement prominently offers a "FREE Sony Playstation 3," upon information and belief, the Third April 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1363.  The Third April 4, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1364.  Upon information and belief, the Third April 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1365.  Upon information and belief, on or about April 4, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Playstation 3"  (hereinafter the "fourth April 4, 2006

Advertisement"). The fourth April 4, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the fourth April 4, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1366. Although the fourth April 4, 2006 Advertisement prominently offers a "FREE Sony Playstation 3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fourth April 4, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Playstation 3" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fourth April 4, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1367. Although the fourth April 4, 2006 Advertisement prominently offers a "FREE Sony Playstation 3," upon information and belief, the fourth April 4, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fourth April 4, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1368. The fourth April 4, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1369. Upon information and belief, the fourth April 4, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 4, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1370.   Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,500 to use on Designer shoes"  (hereinafter the "April 5, 2006 Advertisement").   The April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1371.   Although the April 5, 2006 Advertisement prominently offers a "FREE $1,500 to use on Designer shoes," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,500 to use on Designer shoes" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the April 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1372.   Although the April 5, 2006 Advertisement prominently offers a "FREE $1,500 to use on Designer shoes," upon information and belief, the April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 5, 2006 Advertisement violates

353

O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1373.   The April 5, 2006 Advertisement states that it is from "Designer Shoes on us," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1374.   Upon information and belief, the April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1375.   Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook"   (hereinafter the "second April 5, 2006 Advertisement").   The second April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1376.   Although the second April 5, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 5, 2006 Advertisement violates O.A.C.

§109:4-3-04(C) and R.C. §1345.02(A).

1377.  Although the second April 5, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the second April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1378.  The second April 5, 2006 Advertisement states that it is from "New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1379.  Upon information and belief, the second April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1380.  Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple Powerbook" (hereinafter the "Third April 5, 2006 Advertisement").  The Third April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1381.  Although the Third April 5, 2006 Advertisement prominently offers a "FREE

Apple Powerbook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the Third April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple Powerbook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Third April 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1382. Although the Third April 5, 2006 Advertisement prominently offers a "FREE Apple Powerbook," upon information and belief, the Third April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the Third April 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1383. The Third April 5, 2006 Advertisement states that it is from "New Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1384. Upon information and belief, the Third April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1385. Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Nike driver and iron set" (hereinafter the "fourth April 5, 2006 Advertisement").   The fourth April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1386.  Although the fourth April 5, 2006 Advertisement prominently offers a "FREE Nike driver and iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike driver and iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth April 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1387.  Although the fourth April 5, 2006 Advertisement prominently offers a "FREE Nike driver and iron set," upon information and belief, the fourth April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth April 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1388.  The fourth April 5, 2006 Advertisement states that it is from "Limited Promotion," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1389.   Upon information and belief, the fourth April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1390.   Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike Sasquatch Driver and Iron set" (hereinafter the "fifth April 5, 2006 Advertisement").   The fifth April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1391.   Although the fifth April 5, 2006 Advertisement prominently offers a "FREE Nike Sasquatch Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the fifth April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike Sasquatch Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the fifth April 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1392.   Although the fifth April 5, 2006 Advertisement prominently offers a "FREE Nike Sasquatch Driver and Iron set," upon information and belief, the fifth April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations,

modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fifth April 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1393.  The fifth April 5, 2006 Advertisement states that it is from "Hot Golf Item," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1394.  Upon information and belief, the fifth April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1395.  Upon information and belief, on or about April 5, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sharp 32 inch widescreen LCD TV" (hereinafter the "sixth April 5, 2006 Advertisement").  The sixth April 5, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the sixth April 5, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1396.  Although the sixth April 5, 2006 Advertisement prominently offers a "FREE Sharp 32 inch widescreen LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the sixth April 5, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which

receipt and retention of the "FREE Sharp 32 inch widescreen LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth April 5, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1397.  Although the sixth April 5, 2006 Advertisement prominently offers a "FREE Sharp 32 inch widescreen LCD TV," upon information and belief, the sixth April 5, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the sixth April 5, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1398.  The sixth April 5, 2006 Advertisement states that it is from "32 inch widescreen," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1399.  Upon information and belief, the sixth April 5, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 5, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1400.  Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000" (hereinafter the "April 6, 2006 Advertisement").  The April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 6, 2006 Advertisement is a "consumer transaction" as defined

in R.C. §1345.01(A).

1401.  Although the April 6, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1402.  Although the April 6, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1403.  The April 6, 2006 Advertisement states that it is from "Be A Secret Customer," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1404.  Upon information and belief, the April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1405.  Upon information and belief, on or about April 6, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook G4 Notebook Computer" (hereinafter the "second April 6, 2006 Advertisement").  The second April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1406.  Although the second April 6, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook G4 Notebook Computer" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1407.  Although the second April 6, 2006 Advertisement prominently offers a "FREE Apple iBook G4 Notebook Computer," upon information and belief, the second April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1408.  The second April 6, 2006 Advertisement states that it is from "Freight Delivery," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1409.  Upon information and belief, the second April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1410.  Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Designer Purse" (hereinafter the "Third April 6, 2006 Advertisement").  The Third April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1411.  Although the Third April 6, 2006 Advertisement prominently offers a "FREE Designer Purse," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Designer Purse" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1412.  Although the Third April 6, 2006 Advertisement prominently offers a "FREE Designer Purse," upon information and belief, the Third April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the

"FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1413.  The Third April 6, 2006 Advertisement states that it is from "Stylish Purse," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1414.  Upon information and belief, the Third April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1415.  Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "fourth April 6, 2006 Advertisement").  The fourth April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth April 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1416.  Although the fourth April 6, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt

and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1417.  Although the fourth April 6, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the fourth April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1418.  The fourth April 6, 2006 Advertisement states that it is from "Golf Club Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1419.  Upon information and belief, the fourth April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1420.  Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Playstation3" (hereinafter the "fifth April 6, 2006 Advertisement").  The fifth April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fifth April 6, 2006

Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1421.   Although the fifth April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the fifth April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Playstation3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1422.   Although the fifth April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the fifth April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the fifth April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1423.   The fifth April 6, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1424.   Upon information and belief, the fifth April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1425.  Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Playstation3" (hereinafter the "sixth April 6, 2006 Advertisement").  The sixth April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the sixth April 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1426.  Although the sixth April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the sixth April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Playstation3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1427.  Although the sixth April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the sixth April 6, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the sixth April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1428.  The sixth April 6, 2006 Advertisement states that it is from "Product Test Panel," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

1429.   Upon information and belief, the sixth April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1430.   Upon information and belief, on or about April 6, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony Playstation3" (hereinafter the "seventh April 6, 2006 Advertisement").   The seventh April 6, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the seventh April 6, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1431.   Although the seventh April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the seventh April 6, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sony Playstation3" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the seventh April 6, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1432.   Although the seventh April 6, 2006 Advertisement prominently offers a "FREE Sony Playstation3," upon information and belief, the seventh April 6, 2006 Advertisement fails to

set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the seventh April 6, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1433.  The seventh April 6, 2006 Advertisement states that it is from "Cash Advance," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1434.  Upon information and belief, the seventh April 6, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the seventh April 6, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1435.  Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "April 7, 2006 Advertisement").  The April 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1436.  Although the April 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 7, 2006 Advertisement

fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1437.   Although the April 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1438.   The April 7, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1439.   Upon information and belief, the April 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1440.   Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook" (hereinafter the "second April 7, 2006 Advertisement"). The second April 7, 2006 Advertisement solicits consumers to purchase consumer goods and

services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1441.  Although the second April 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1442.  Although the second April 7, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the second April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1443.  The second April 7, 2006 Advertisement states that it is from "Computer Distribution Department," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1444.  Upon information and belief, the second April 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail

advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1445.   Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Media Center Notebook" (hereinafter the "Third April 7, 2006 Advertisement").   The Third April 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1446.   Although the Third April 7, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third April 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Media Center Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1447.   Although the Third April 7, 2006 Advertisement prominently offers a "FREE HP Pavilion Media Center Notebook," upon information and belief, the Third April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the

Third April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1448.  The Third April 7, 2006 Advertisement states that it is from "Newest Laptop," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1449.  Upon information and belief, the Third April 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1450.  Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE iPod Video" (hereinafter the "fourth April 7, 2006 Advertisement"). The fourth April 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1451.  Although the fourth April 7, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth April 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE iPod Video" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and

R.C. §1345.02(A).

1452.   Although the fourth April 7, 2006 Advertisement prominently offers a "FREE iPod Video," upon information and belief, the fourth April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the fourth April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1453.   The fourth April 7, 2006 Advertisement states that it is from "Listen to Music," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1454.   Upon information and belief, the fourth April 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1455.   Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping driver and iron set" (hereinafter the "fifth April 7, 2006 Advertisement").   The fifth April 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the fifth April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1456.   Although the fifth April 7, 2006 Advertisement prominently offers a "FREE Ping

374

driver and iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the fifth April 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping driver and iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the fifth April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1457. Although the fifth April 7, 2006 Advertisement prominently offers a "FREE Ping driver and iron set," upon information and belief, the fifth April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1458. The fifth April 7, 2006 Advertisement states that it is from "Golf Club Set," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1459. Upon information and belief, the fifth April 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1460. Upon information and belief, on or about April 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Sylvania Plasma TV or a FREE Sony HDTV" (hereinafter the "sixth April 7, 2006 Advertisement").  The sixth April 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the sixth April 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1461.  Although the sixth April 7, 2006 Advertisement prominently offers a "FREE Sylvania Plasma TV or a FREE Sony HDTV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the sixth April 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Sylvania Plasma TV or a FREE Sony HDTV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth April 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1462.  Although the sixth April 7, 2006 Advertisement prominently offers a "FREE Sylvania Plasma TV or a FREE Sony HDTV," upon information and belief, the sixth April 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the sixth April 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1463.  The sixth April 7, 2006 Advertisement states that it is from "Bigscreen TV," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1464.  Upon information and belief, the sixth April 7, 2006 Advertisement fails to

376

clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1465. Upon information and belief, on or about April 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 shopping gift card" (hereinafter the "April 8, 2006 Advertisement"). The April 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the April 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1466. Although the April 8, 2006 Advertisement prominently offers a "FREE $1,000 shopping gift card," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the April 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 shopping gift card" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the April 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1467. Although the April 8, 2006 Advertisement prominently offers a "FREE $1,000 shopping gift card," upon information and belief, the April 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type

size half as large as the word "FREE."  Accordingly, the April 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1468.  The April 8, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1469.  Upon information and belief, the April 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1470.  Upon information and belief, on or about April 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 shopping gift card" (hereinafter the "April 8, 2006 Advertisement").  The April 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1471.  Although the April 8, 2006 Advertisement prominently offers a "FREE $1,000 shopping gift card," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 shopping gift card" is contingent, clearly and conspicuously at the

outset of the offer.  Accordingly, the April 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1472.   Although the April 8, 2006 Advertisement prominently offers a "FREE $1,000 shopping gift card," upon information and belief, the April 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1473.   The April 8, 2006 Advertisement states that it is from "Retail Report Card," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1474.   Upon information and belief, the April 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1475.   Upon information and belief, on or about April 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Burberry Coat and Satchel set"  (hereinafter the "second April 8, 2006 Advertisement").   The second April 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

379

1476.  Although the second April 8, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Burberry Coat and Satchel set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1477.  Although the second April 8, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the second April 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1478.  The second April 8, 2006 Advertisement states that it is from "Designer Coat and purse," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1479.  Upon information and belief, the second April 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1480.  Upon information and belief, on or about April 8, 2006, Defendants knowingly

380

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Burberry Coat and Satchel set" (hereinafter the "second April 8, 2006 Advertisement").   The second April 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1481.   Although the second April 8, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Burberry Coat and Satchel set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1482.   Although the second April 8, 2006 Advertisement prominently offers a "FREE Burberry Coat and Satchel set," upon information and belief, the second April 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second April 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1483.   The second April 8, 2006 Advertisement states that it is from "Designer Coat and purse," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1484.   Upon information and belief, the second April 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1485.   Upon information and belief, on or about April 8, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Golf club set"  (hereinafter the "Third April 8, 2006 Advertisement"). The Third April 8, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third April 8, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1486.   Although the Third April 8, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third April 8, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Golf club set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third April 8, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1487.   Although the Third April 8, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the Third April 8, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE"

offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the Third April 8, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1488.   The Third April 8, 2006 Advertisement states that it is from "Limited Promotion," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1489.   Upon information and belief, the Third April 8, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 8, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1490.   Upon information and belief, on or about April 9, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Mini computer"  (hereinafter the "April 9, 2006 Advertisement"). The April 9, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 9, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1491.   Although the April 9, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 9, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the

"FREE Mac Mini computer" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the April 9, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1492.  Although the April 9, 2006 Advertisement prominently offers a "FREE Mac Mini computer," upon information and belief, the April 9, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 9, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1493.  The April 9, 2006 Advertisement states that it is from "Computer and Desk Shipment," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1494.  Upon information and belief, the April 9, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 9, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1495.  Upon information and belief, on or about April 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Golf club set"  (hereinafter the "April 10, 2006 Advertisement").  The April 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer

goods and services.  Accordingly, the April 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1496.   Although the April 10, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the April 10, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Golf club set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1497.   Although the April 10, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the April 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1498.  The April 10, 2006 Advertisement states that it is from "Limited Promotion," which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1499.   Upon information and belief, the April 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 10,

2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1500.   Upon information and belief, on or about April 10, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook"  (hereinafter the "second April 10, 2006 Advertisement").   The second April 10, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 10, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1501.   Although the second April 10, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 10, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 10, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1502.   Although the second April 10, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the second April 10, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second April 10, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1503.   The second April 10, 2006 Advertisement states that it is from "Laptop

Distribution" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1504.   Upon information and belief, the second April 10, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 10, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1505.   Upon information and belief, on or about April 11, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion"  (hereinafter the "April 11, 2006 Advertisement").  The April 11, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 11, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1506.   Although the April 11, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the April 11, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 11, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1507.   Although the April 11, 2006 Advertisement prominently offers a "FREE HP Pavilion," upon information and belief, the April 11, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 11, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1508.   The April 11, 2006 Advertisement states that it is from "Distribution Dept." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1509.   Upon information and belief, the April 11, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 11, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1510.   Upon information and belief, on or about April 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion notebook"   (hereinafter the "April 12, 2006 Advertisement").   The April 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the April 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1511.   Although the April 12, 2006 Advertisement prominently offers a "FREE HP Pavilion notebook," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1512.  Although the April 12, 2006 Advertisement prominently offers a "FREE HP Pavilion notebook," upon information and belief, the April 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1513.  The April 12, 2006 Advertisement states that it is from "Distribution Dept." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1514.  Upon information and belief, the April 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1515.  Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Apple iBook"  (hereinafter the "April 13, 2006 Advertisement").  The

April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1516.  Although the April 13, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Apple iBook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1517.  Although the April 13, 2006 Advertisement prominently offers a "FREE Apple iBook," upon information and belief, the April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1518.  The April 13, 2006 Advertisement states that it is from "Computer Distribution Department" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1519.  Upon information and belief, the April 13, 2006 Advertisement fails to clearly

and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1520.   Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Golf club set"   (hereinafter the "second April 13, 2006 Advertisement").   The second April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1521.   Although the second April 13, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Golf club set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1522.   Although the second April 13, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the second April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type

size half as large as the word "FREE."  Accordingly, the second April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1523.  The second April 13, 2006 Advertisement states that it is from "Golf Club Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1524.  Upon information and belief, the second April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1525.  Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Golf club set"  (hereinafter the "second April 13, 2006 Advertisement").  The second April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1526.  Although the second April 13, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Golf club set" is contingent, clearly and conspicuously at the outset

392

of the offer.  Accordingly, the second April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1527.  Although the second April 13, 2006 Advertisement prominently offers a "FREE Golf club set," upon information and belief, the second April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1528.  The second April 13, 2006 Advertisement states that it is from "Golf Club Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1529.  Upon information and belief, the second April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1530.  Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Panasonic 32 inch LCD TV" (hereinafter the "Third April 13, 2006 Advertisement").  The Third April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the Third April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1531.  Although the Third April 13, 2006 Advertisement prominently offers a "FREE Panasonic 32 inch LCD TV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the Third April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Panasonic 32 inch LCD TV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the Third April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1532.  Although the Third April 13, 2006 Advertisement prominently offers a "FREE Panasonic 32 inch LCD TV," upon information and belief, the Third April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1533.  The Third April 13, 2006 Advertisement states that it is from "Wide LCD TV" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1534.  Upon information and belief, the Third April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1535.  Upon information and belief, on or about April 13, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "fourth April 13, 2006 Advertisement").  The fourth April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fourth April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1536.  Although the fourth April 13, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fourth April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fourth April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1537.  Although the fourth April 13, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the fourth April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the fourth April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1538.  The fourth April 13, 2006 Advertisement states that it is from "Driver and Iron Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1539.  Upon information and belief, the fourth April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fourth April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1540.  Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "fifth April 13, 2006 Advertisement").  The fifth April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the fifth April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1541.  Although the fifth April 13, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the fifth April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the fifth April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1542.  Although the fifth April 13, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the fifth April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of

the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the fifth April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1543. The fifth April 13, 2006 Advertisement states that it is from "Golf Club Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1544. Upon information and belief, the fifth April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the fifth April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1545. Upon information and belief, on or about April 13, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Sony PlayStation3" (hereinafter the "sixth April 13, 2006 Advertisement"). The sixth April 13, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the sixth April 13, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1546. Although the sixth April 13, 2006 Advertisement prominently offers a "FREE Sony PlayStation3," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the sixth April 13, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt

and retention of the "FREE Sony PlayStation3" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the sixth April 13, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1547.  Although the sixth April 13, 2006 Advertisement prominently offers a "FREE Sony PlayStation3," upon information and belief, the sixth April 13, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the sixth April 13, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1548.  The sixth April 13, 2006 Advertisement states that it is from "Cash Advance" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1549.  Upon information and belief, the sixth April 13, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the sixth April 13, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1550.  Upon information and belief, on or about April 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook" (hereinafter the "April 14, 2006 Advertisement").  The April 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 14, 2006 Advertisement is a

"consumer transaction" as defined in R.C. §1345.01(A).

1551.  Although the April 14, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1552.  Although the April 14, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the April 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1553.  The April 14, 2006 Advertisement states that it is from "Distributions Dept." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1554.  Upon information and belief, the April 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1555.   Upon information and belief, on or about April 14, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "second April 14, 2006 Advertisement").   The second April 14, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 14, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1556.   Although the second April 14, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 14, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 14, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1557.   Although the second April 14, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the second April 14, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 14, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1558.   The second April 14, 2006 Advertisement states that it is from "Golf Club Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or

their authorized agents, in an effort to conceal or disguise the sender's true identity.

1559.   Upon information and belief, the second April 14, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 14, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1560.   Upon information and belief, on or about April 15, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop" (hereinafter the "April 15, 2006 Advertisement").  The April 15, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 15, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1561.   Although the April 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 15, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 15, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1562.   Although the April 15, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the April 15, 2006 Advertisement fails to set forth

all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 15, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1563.   The April 15, 2006 Advertisement states that it is from "Toshiba Laptop Receipt" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1564.   Upon information and belief, the April 15, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 15, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1565.   Upon information and belief, on or about April 16, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000" (hereinafter the "April 16, 2006 Advertisement").  The April 16, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 16, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1566.   Although the April 16, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the April 16, 2006 Advertisement fails to set forth the

402

terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 16, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1567.   Although the April 16, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the April 16, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the April 16, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1568.   The April 16, 2006 Advertisement states that it is from "Be A Secret Customer" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1569.   Upon information and belief, the April 16, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 16, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1570.   Upon information and belief, on or about April 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "April 18, 2006 Advertisement").  The April 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 18, 2006 Advertisement is a

"consumer transaction" as defined in R.C. §1345.01(A).

1571.   Although the April 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1572.   Although the April 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the April 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1573.   The April 18, 2006 Advertisement states that it is from "Laptop Distribution" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1574.   Upon information and belief, the April 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1575.   Upon information and belief, on or about April 18, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Notebook" (hereinafter the "second April 18, 2006 Advertisement").   The second April 18, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 18, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1576.   Although the second April 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 18, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 18, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1577.   Although the second April 18, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Notebook," upon information and belief, the second April 18, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second April 18, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1578.   The second April 18, 2006 Advertisement states that it is from "Laptop Distribution" which is, upon information and belief, a fictitious name used by one or more

Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1579.  Upon information and belief, the second April 18, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 18, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1580.  Upon information and belief, on or about April 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Digital Camera" (hereinafter the "April 19, 2006 Advertisement"). The April 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1581.  Although the April 19, 2006 Advertisement prominently offers a "FREE Digital Camera," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the April 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Digital Camera" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1582.  Although the April 19, 2006 Advertisement prominently offers a "FREE Digital

Camera," upon information and belief, the April 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1583.   The April 19, 2006 Advertisement states that it is from "Digital Camera" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1584.   Upon information and belief, the April 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1585.   Upon information and belief, on or about April 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "Second April 19, 2006 Advertisement").  The Second April 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1586.   Although the Second April 19, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the

consumer's expenditure of monies. However, upon information and belief, the second April 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the Second April 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1587. Although the Second April 19, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the Second April 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the second April 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1588. The Second April 19, 2006 Advertisement states that it is from "Golf package" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1589. Upon information and belief, the Second April 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1590. Upon information and belief, on or about April 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook" (hereinafter the "April 20, 2006 Advertisement"). The April 20, 2006 Advertisement solicits consumers to purchase consumer

goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1591.  Although the April 20, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1592.  Although the April 20, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the April 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1593.  The April 20, 2006 Advertisement states that it is from "Distributions Dept." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1594.  Upon information and belief, the April 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

address of the person transmitting the electronic mail advertisement. Therefore, the April 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1595.   Upon information and belief, on or about April 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE HP Pavilion Notebook" (hereinafter the "second April 20, 2006 Advertisement").   The second April 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second April 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1596.   Although the second April 20, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second April 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE HP Pavilion Notebook" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second April 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1597.   Although the second April 20, 2006 Advertisement prominently offers a "FREE HP Pavilion Notebook," upon information and belief, the second April 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second April 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1598.   The second April 20, 2006 Advertisement states that it is from "Distributions Dept." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1599.   Upon information and belief, the second April 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1600.   Upon information and belief, on or about April 20, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Ping Driver and Iron set" (hereinafter the "Third April 20, 2006 Advertisement").   The Third April 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the Third April 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1601.   Although the Third April 20, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the Third April 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Ping Driver and Iron set" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the Third April 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1602.   Although the Third April 20, 2006 Advertisement prominently offers a "FREE Ping Driver and Iron set," upon information and belief, the Third April 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the Third April 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1603.   The Third April 20, 2006 Advertisement states that it is from "Golf Club Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1604.   Upon information and belief, the Third April 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the Third April 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1605.   Upon information and belief, on or about April 22, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set" (hereinafter the "April 22, 2006 Advertisement").  The April 22, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 22, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1606.   Although the April 22, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent

412

upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the April 22, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 22, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1607.   Although the April 22, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the April 22, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 22, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1608.   The April 22, 2006 Advertisement states that it is from "Golf Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1609.   Upon information and belief, the April 22, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the April 22, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1610.   Upon information and belief, on or about April 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000" (hereinafter the "April 23, 2006 Advertisement").  The April

23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the April 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1611.  Although the April 23, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the April 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the April 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1612.  Although the April 23, 2006 Advertisement prominently offers a "FREE $1,000," upon information and belief, the April 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the April 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1613.  The April 23, 2006 Advertisement states that it is from "Be A Secret Customer" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1614.  Upon information and belief, the April 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail

414

address of the person transmitting the electronic mail advertisement. Therefore, the April 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1615.  Upon information and belief, on or about April 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "second April 23, 2006 Advertisement").  The second April 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the second April 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1616.  Although the second April 23, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the second April 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the second April 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1617.  Although the second April 23, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the second April 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the second April 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1618.  The second April 23, 2006 Advertisement states that it is from "Target Dealz" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1619.  Upon information and belief, the second April 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second April 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1620.  Upon information and belief, on or about June 7, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Complimentary Laptop" (hereinafter the "June 7, 2006 Advertisement").  The June 7, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the June 7, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1621.  Although the June 7, 2006 Advertisement prominently offers a "FREE Complimentary Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the June 7, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Complimentary Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the June 7, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1622.  Although the June 7, 2006 Advertisement prominently offers a "FREE Complimentary Laptop," upon information and belief, the June 7, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the June 7, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1623.  The June 7, 2006 Advertisement states that it is from "Mac Notebook" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1624.  Upon information and belief, the June 7, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 7, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1625.  Upon information and belief, on or about June 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Complimentary Laptop" (hereinafter the "June 12, 2006 Advertisement").  The June 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the June 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1626.  Although the June 12, 2006 Advertisement prominently offers a "FREE Complimentary Laptop," upon information and belief, the foregoing offer is contingent upon the

consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the June 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Complimentary Laptop" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the June 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1627.  Although the June 12, 2006 Advertisement prominently offers a "FREE Complimentary Laptop," upon information and belief, the June 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the June 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1628.  The June 12, 2006 Advertisement states that it is from "Mac Notebook" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1629.  Upon information and belief, the June 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1630.  Upon information and belief, on or about June 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet Laptop" (hereinafter the "June 19, 2006

Advertisement"). The June 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the June 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1631. Although the June 19, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the June 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the June 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1632. Although the June 19, 2006 Advertisement prominently offers a "FREE Toshiba Tablet Laptop," upon information and belief, the June 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the June 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1633. The June 19, 2006 Advertisement states that it is from "Toshiba Laptop Receipt" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1634. Upon information and belief, the June 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the

sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1635.  Upon information and belief, on or about June 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Mac Laptop" (hereinafter the "June 21, 2006 Advertisement").  The June 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the June 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1636.  Although the June 21, 2006 Advertisement prominently offers a "FREE Mac Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the June 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Mac Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the June 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1637.  Although the June 21, 2006 Advertisement prominently offers a "FREE Mac Laptop," upon information and belief, the June 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the June 21, 2006 Advertisement violates O.A.C.

420

§109:4-3-02(A)(1) and R.C. §1345.02(A).

1638.   The June 21, 2006 Advertisement states that it is from "Mac Laptop" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1639.   Upon information and belief, the June 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1640.   Upon information and belief, on or about June 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Toshiba Tablet PC" (hereinafter the "second June 21, 2006 Advertisement").   The second June 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the second June 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1641.   Although the second June 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the second June 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Tablet PC" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the second June 21, 2006 Advertisement violates O.A.C.

§109:4-3-04(C) and R.C. §1345.02(A).

1642.   Although the second June 21, 2006 Advertisement prominently offers a "FREE Toshiba Tablet PC," upon information and belief, the second June 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the second June 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1643.   The second June 21, 2006 Advertisement states that it is from "New Technology" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1644.   Upon information and belief, the second June 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the second June 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1645.   Upon information and belief, on or about June 26, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE MacBook Pro Laptop" (hereinafter the "June 26, 2006 Advertisement").   The June 26, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the June 26, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1646.   Although the June 26, 2006 Advertisement prominently offers a "FREE MacBook

Pro Laptop," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the June 26, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE MacBook Pro Laptop" is contingent, clearly and conspicuously at the outset of the offer. Accordingly, the June 26, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1647.   Although the June 26, 2006 Advertisement prominently offers a "FREE MacBook Pro Laptop," upon information and belief, the June 26, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the June 26, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1648.   The June 26, 2006 Advertisement states that it is from "Mac Notebook" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1649.   Upon information and belief, the June 26, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 26, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1650.   Upon information and belief, on or about June 28, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email

message offering a "FREE Toshiba Satellite Notebook" (hereinafter the "June 28, 2006 Advertisement").  The June 28, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the June 28, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1651.  Although the June 28, 2006 Advertisement prominently offers a "FREE Toshiba Satellite Notebook," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the June 28, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Toshiba Satellite Notebook" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the June 28, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1652.  Although the June 28, 2006 Advertisement prominently offers a "FREE Toshiba Satellite Notebook," upon information and belief, the June 28, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the June 28, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1653.  The June 28, 2006 Advertisement states that it is from "New Laptop" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1654.  Upon information and belief, the June 28, 2006 Advertisement fails to clearly and

conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the June 28, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1655.  Upon information and belief, on or about July 12, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set" (hereinafter the "July 12, 2006 Advertisement").  The July 12, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the July 12, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1656.  Although the July 12, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the July 12, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the July 12, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1657.  Although the July 12, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the July 12, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word

"FREE" printed in a type size half as large as the word "FREE." Accordingly, the July 12, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1658. The July 12, 2006 Advertisement states that it is from "Golfers Gold" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1659. Upon information and belief, the July 12, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 12, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1660. Upon information and belief, on or about July 17, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Louis Vuitton Purse and Wallet set" (hereinafter the "July 17, 2006 Advertisement"). The July 17, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the July 17, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1661. Although the July 17, 2006 Advertisement prominently offers a "FREE Louis Vuitton Purse and Wallet set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the July 17, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Louis Vuitton Purse and Wallet set" is contingent, clearly and

426

conspicuously at the outset of the offer.  Accordingly, the July 17, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1662.  Although the July 17, 2006 Advertisement prominently offers a "FREE Louis Vuitton Purse and Wallet set," upon information and belief, the July 17, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the July 17, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1663.  The July 17, 2006 Advertisement states that it is from "Victoria's One" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1664.  Upon information and belief, the July 17, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 17, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1665.  Upon information and belief, on or about July 19, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Set of Cleveland Clubs" (hereinafter the "July 19, 2006 Advertisement").  The July 19, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the July 19, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1666.   Although the July 19, 2006 Advertisement prominently offers a "FREE Set of Cleveland Clubs," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the July 19, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Set of Cleveland Clubs" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the July 19, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1667.   Although the July 19, 2006 Advertisement prominently offers a "FREE Set of Cleveland Clubs," upon information and belief, the July 19, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."   Accordingly, the July 19, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1668.   The July 19, 2006 Advertisement states that it is from "Golf Cart" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1669.   Upon information and belief, the July 19, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 19, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1670.   Upon information and belief, on or about July 20, 2006, Defendants knowingly

authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Nike SasQuatch Driver and Iron Set" (hereinafter the "July 20, 2006 Advertisement").  The July 20, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.  Accordingly, the July 20, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1671.  Although the July 20, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.  However, upon information and belief, the July 20, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE Nike SasQuatch Driver and Iron Set" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the July 20, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1672.  Although the July 20, 2006 Advertisement prominently offers a "FREE Nike SasQuatch Driver and Iron Set," upon information and belief, the July 20, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the July 20, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1673.  The July 20, 2006 Advertisement states that it is from "Golf Set" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1674.   Upon information and belief, the July 20, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 20, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1675.   Upon information and belief, on or about July 21, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE $1,000 shopping spree" (hereinafter the "July 21, 2006 Advertisement").   The July 21, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services.   Accordingly, the July 21, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1676.   Although the July 21, 2006 Advertisement prominently offers a "FREE $1,000 shopping spree," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies.   However, upon information and belief, the July 21, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and retention of the "FREE $1,000 shopping spree" is contingent, clearly and conspicuously at the outset of the offer.   Accordingly, the July 21, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1677.   Although the July 21, 2006 Advertisement prominently offers a "FREE $1,000 shopping spree," upon information and belief, the July 21, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the

"FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE." Accordingly, the July 21, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1678. The July 21, 2006 Advertisement states that it is from "Victorian Sea" which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1679. Upon information and belief, the July 21, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 21, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1680. Upon information and belief, on or about July 23, 2006, Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's Email Account of an email message offering a "FREE Samsung SlimFit HDTV" (hereinafter the "July 23, 2006 Advertisement"). The July 23, 2006 Advertisement solicits consumers to purchase consumer goods and services from a variety of Defendants' sponsors, and therefore, it is a solicitation for the sale of consumer goods and services. Accordingly, the July 23, 2006 Advertisement is a "consumer transaction" as defined in R.C. §1345.01(A).

1681. Although the July 23, 2006 Advertisement prominently offers a "FREE Samsung SlimFit HDTV," upon information and belief, the foregoing offer is contingent upon the consumer's participation in several of Defendants' sponsor's offers, which requires the consumer's expenditure of monies. However, upon information and belief, the July 23, 2006 Advertisement fails to set forth the terms, conditions and obligations, upon which receipt and

retention of the "FREE Samsung SlimFit HDTV" is contingent, clearly and conspicuously at the outset of the offer.  Accordingly, the July 23, 2006 Advertisement violates O.A.C. §109:4-3-04(C) and R.C. §1345.02(A).

1682.  Although the July 23, 2006 Advertisement prominently offers a "FREE Samsung SlimFit HDTV," upon information and belief, the July 23, 2006 Advertisement fails to set forth all of the material exclusions, reservations, limitations, modifications and conditions of the "FREE" offer clearly and conspicuously in close proximity to the word "FREE" printed in a type size half as large as the word "FREE."  Accordingly, the July 23, 2006 Advertisement violates O.A.C. §109:4-3-02(A)(1) and R.C. §1345.02(A).

1683.  The July 23, 2006 Advertisement states that it is from "Etc." which is, upon information and belief, a fictitious name used by one or more Defendants, and/or their authorized agents, in an effort to conceal or disguise the sender's true identity.

1684.  Upon information and belief, the July 23, 2006 Advertisement fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement. Therefore, the July 23, 2006 Advertisement violates R.C. §2307.64(B)(1)(a).

1685.  Prior to transmitting the aforementioned 330 emails to Plaintiff's email accounts, none of the Defendants registered the fictitious business names "Product Test Panel" or "ProductTestPanel," with the Ohio Secretary of State.  Upon information and belief, the the fictitious business names "Product Test Panel" or "ProductTestPanel" appear in many of the aforementioned 330 emails.

1686.  Prior to transmitting the aforementioned 330 emails to Plaintiff's email accounts,

none of the Defendants registered themselves, as foreign corporations conducting business in Ohio, with the Ohio Secretary of State.

1687.  Defendants had actual knowledge of Plaintiff's claims regarding Defendants' emails since September, 2006.

1688.  In September 2006, the graphic images within the emails at issue were fully visible as they were still being hosted on the websites to which the emails were hyperlinked.

1689.  Since the time that Defendants gained actual knowledge about Plaintiff's claims regarding Defendants' emails, the graphic images within the sixty emails at issue in this case have ceased being hosted by the websites to which the emails were hyperlinked.

1690.  Upon information and belief, Defendants willfully ceased hosting the websites to which the sixty emails at issue in this case were hyperlinked in order to disrupt Plaintiff's claims against Defendants.

1691.  Without all of the graphic images within the sixty emails at issue in this case, Plaintiff will not be able to establish all of his claims against Defendants.

1692.  Therefore, Plaintiff has suffered damages as a proximate result of Defendants' cessation of hosting the websites hyperlinked to the sixty emails at issue in this case.

## COUNT ONE

### (KNOWING VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. §1345.02(A))

1693.  Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

1694.  Each of the 330 Emails that Defendants or their authorized agent transmitted to Plaintiff constitutes one or more unfair and/or deceptive sales acts and/or practices in violation of R.C. §1345.02(A).

1695.   Defendants' violations were "knowingly" committed, as Defendants knew they were engaging in the acts and practices described in the preceding paragraphs.

1696.   The acts and practices of Defendants or their authorized agents described hereinabove are acts and practices that: (a) have previously been declared to be unfair and/or deceptive acts or practices in violation of the CSPA by Ohio courts in judgments that were file in Public Information File of the Office of the Ohio Attorney General prior to the acts and practices of Defendants complained of herein; or (b) violate the provisions of the O.A.C., including but not limited to §109:4-3-02, §109:4-3-04 and/or §109:4-3-06.

1697.   Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to: (a) an award of statutory damages against Defendants in the amount of three times Plaintiff's actual damages or $200, whichever is greater, for each violation of R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against each Defendants pursuant to R.C. §1345.09(F).

## COUNT TWO

### (VIOLATIONS OF THE OHIO ELECTRONIC MAIL ADVERTISEMENTS ACT, R.C. §2307.64)

1698.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

1699.   The above-described Advertisements, which are the 330 Emails that Defendants have sent or caused to be sent to Plaintiff's Email Accounts and Receiving Addresses, fail to include in the body of each message a clear and conspicuous recitation of the sender's truthful name and complete residence or business address and the electronic mail address of the person transmitting the electronic mail advertisement.  As such, each of the Advertisements and 330 Emails constitutes one or more violations by Defendants of R.C. §2307.64(B)(1).

434

1700.   Because Defendants violated R.C. §2307.64(B)(1) in regard to each of the Advertisements and 330 Emails, Plaintiff is entitled to: (a) an award of statutory damages against Defendants in the amount of $100 for each violation of R.C. §2307.64(B)(1), pursuant to R.C. §2307.64(E)(1) and; (b) an award of Plaintiff's reasonable attorney's fees, court costs and other costs of bringing this action, pursuant to R.C. §2307.64(E)(2).

## COUNT THREE

## (INTENTIONAL INTERFERENCE WITH OR DESTRUCTION OF EVIDENCE)

1701.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

1702.   Upon information and belief, Defendants willfully ceased hosting the websites to which the 330 Emails were hyperlinked in order to disrupt Plaintiff's claims against Defendants.

1703.   Without all of the graphic images within the 330 Emails, Plaintiff may be unable to establish all of his claims against Defendants, except through his own oral testimony.

1704.   Accordingly, Defendants committed the tort of intentional interference with or destruction of evidence.

1705.   As a direct and proximate result of Defendants' tortious conduct, Defendants have proximately caused Plaintiff to suffer damages.

## COUNT FOUR

## (DECLARATORY JUDGMENT PURSUANT TO THE OHIO CONSUMER SALES PRACTICES ACT, R.C. §1345.09(D))

1706.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

1707.     Plaintiff respectfully submits that, under the circumstances presented in this case, he is entitled to the Court's entry of declaratory judgment in his favor pursuant to R.C.

435

§1345.09(D), including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C. §1345.02(A), for a "supplier" to publish an advertisement to a "consumer" in Ohio that constitutes a "consumer transaction" and:

(a)     uses the word "free" and fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

(b)     uses the word "free" and fails to print all terms, conditions, and obligations of the offer in a type size half as large as the word "free;"

(c)     uses the word "free" and fails to print all terms, conditions, and obligations of the offer in close proximity with the offer of "free" goods or services;

(d)     uses the word "free" in describing certain goods and/or services offered in a combination sale when the "free" goods and/or services are in reality routinely included within the price the supplier charges to consumers, and the fiction that some of the goods and/or services offered are "free" is inherently deceptive and illusory; and

(e)     does not set forth all of the material exclusions, reservations, limitations, modifications and conditions of the supplier's offer clearly and conspicuously in close proximity to the words stating the offer.

(f)     was sent by a foreign corporation which has failed to register a fictitious business name with the Ohio Secretary of State prior to doing business in Ohio under such fictitious name;

(g)     was sent by a foreign corporation which has failed to register with the Ohio Secretary of State as a foreign corporation, doing business in Ohio, prior to doing

436

business in Ohio;

(h)      fails to clearly and conspicuously provide to the recipient, within the body of the electronic mail advertisement, the sender's name and complete residence or business address and the truthful electronic mail address of the person transmitting the electronic mail advertisement, in violation of R.C. §2307.64(B)(1)(a); and

1708.   Plaintiff respectfully submits that, under the circumstances presented in this case, he is also entitled to the Court's entry of declaratory judgment in his favor pursuant to R.C. §1345.09(D), including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C. §1345.02(A), for an out-of-state "supplier" to conduct business in Ohio:

(i)       without having first properly registered to do business in Ohio with the Ohio Secretary of State as a foreign business; and

(j)       without having first properly registered its fictitious name with the Ohio Secretary of State.

1709.   Plaintiff respectfully submits that, under the circumstances presented in this case, he is also entitled to the Court's entry of declaratory judgment in his favor pursuant to R.C. §1345.09(D), that a "supplier's" intentional interference with or destruction of evidence related to a consumer's claim under the Ohio Consumer Sales Practices Act is a violation of R.C. §1345.02(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief against Defendants, jointly and severally, as to his foregoing Causes of Action:

B.     An award of statutory damages against Defendants in the amount of three times

Plaintiff's actual damages or $200, whichever is greater, for each of Defendants' violations of R.C. §1345.02(A);

C.      An award of statutory damages against Defendants pursuant to R.C. §2307.64(E)(1) in the amount of $100 for each of Defendants' violations of R.C. §2307.64(B)(1);

D.      An award of Plaintiff's reasonable attorneys' fees and costs, as allowed pursuant to R.C. §1345.09(F) and R.C. §2307.64(E)(2);

E.      Declaratory judgment against Defendants in Plaintiff's favor, pursuant to R.C. §1345.09(D), as requested hereinabove;

F.      A permanent injunction prohibiting Defendants from publishing or causing to be published any more advertisements in Ohio in violation of R.C. §1345.02(A);

G.      An award of compensatory damages reasonably expected to exceed $25,000;

H.      An award of punitive damages; and

I.      All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

/s/  *Lisa A. Wafer*
Lisa A. Wafer         (0074034)
lwafer@ferronlaw.com
Jessica G. Fallon      (0079169)
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Attorneys for Plaintiff,
John W. Ferron

438

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

/s/  *Lisa A. Wafer*
Lisa A. Wafer          (0074034)
Jessica G. Fallon      (0079169)

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 29, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notice of such filing to all counsel of record.

/s/  *Lisa A. Wafer*
Lisa A. Wafer, Trial Attorney
Oh. Sup. Ct. Reg. No. 0074034