IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John W. Ferron,              :

    Plaintiff,           :

  v.                         :    Case No. 2:08-cv-760

Subscriberbase Holdings, Inc., :   JUDGE SARGUS
et al.,

    Defendants.          :

ORDER

The parties have submitted a discovery dispute to the Magistrate Judge for resolution. In addition to correspondence outlining the dispute and providing copies of the pertinent documents, the matter was discussed during a telephone conference held on March 15, 2010. This order constitutes the Court's rulings on the matters at issue.

I. IP Address Issue

Defendants have asked the plaintiff, Mr. Ferron, to admit that a certain IP Address was permanently assigned to his law firm by Timer Warner Cable. Defendants assert that Mr. Ferron registered with SubscriberBase several times, and they wish to know if the IP address used in these registrations is the one assigned to his law office email account. He has refused to provide this information on ground of relevance. SubscriberBase asserts that whether Mr. Ferron used his office email account for these registrations is relevant to whether he was a "consumer" as defined by the Ohio Consumer Sales Practices Act, and also relevant to whether he was actually deceived by the emails they sent to him.

SubscriberBase cites to Judge Watson's decision in Ferron v.

Echostar Satellite, LLC, et al., Case No. 2:06-cv-453 (S.D. Ohio September 29, 2009), in support of its position.  In that Opinion, the Court held that the OCSPA cannot be violated by an allegedly deceptive advertisement "where the record shows affirmatively that the consumer could not have been deceived ...."  Id. at 16.  Because the record in that case showed that Mr. Ferron could not have been deceived by the emails at issue, and because he did not allege otherwise, summary judgment was granted to the defendants.  Other decisions which may be pertinent to this issue are Judge Frost's Opinion and Order of October 26, 2007, in Ferron v. Search Cactus, LLC, et al., Case No. 2:06-cv-327, which held that emails sent to Mr. Ferron's office account could be considered emails sent to an individual, thus satisfying one of the requirements of the OCSPA, but that the emails in that case were not sent for a personal, family or household purpose because Mr. Ferron used his office email account to investigate the factual basis for his lawsuit; and the Ohio Supreme Court's decision in State ex rel. Charvat v. Frye, 114 Ohio St. 3d 76 (2007), where the court held that the trial court had improperly stayed proceedings in the case until the plaintiff placed his telephone number on the national do-not-call list, based on its conclusion that nothing in the Telephone Consumer Protection Act of 1971 (or, apparently, in the OCSPA) required him to do so as a prerequisite for filing suit under those statutes.

The question here, of course, is not whether the fact that Mr. Ferron registered his office email account with SubscriberBase means that he either can, or cannot, use emails sent to that account as the basis for an action under the OCSPA. The question is whether that fact is relevant to his claim, or to any defense SubscriberBase might assert in opposition to his claim.  The two decisions from this Court demonstrate that

whether Mr. Ferron's office email account is involved here is a potential element of defenses to his OCSPA claim. Therefore, the information sought about the IP address in question, including whether it was assigned to his office account by Time Warner Cable and whether he registered it with defendants, is discoverable.

## II. Mr. Ferron's Other Email Accounts

The next issue is whether defendants are entitled to learn what other email accounts Mr. Ferron uses. The purported relevance of this request is to find out if he has registered any of them with SubscriberBase.

The Court understands that this case involves only emails sent to Mr. Ferron's office email address. If that is true, whether he maintains other email accounts would, in general, seem to be completely irrelevant to whether any of the emails sent to him at his office email address violated the OCSPA. However, under the Search Cactus rationale, SubscriberBase may legitimately question whether Mr. Ferron's use of the account to which the emails were sent was for commercial or non-commercial purposes. The fact that he may have tried to receive similar emails in other accounts might have some bearing on that issue, because it might tend to show that the registration of his office account was part of a larger scheme to register with the defendants for the precise purpose of receiving emails to bolster his claims. Thus, to the extent that the discovery request in question calls for Mr. Ferron to disclose the names of other email addresses that he registered with defendants, it is proper. Information about other accounts not registered with these defendants would not be discoverable, however.

## III. Other Cases in which Mr. Ferron Is or Was Involved

The last issue is whether Mr. Ferron should have to provide a list of all of the other cases which are similar to this one,

and in which he has been involved either as counsel or a party. Again, defendants argue that this information is relevant to the issue of whether he qualifies as a "consumer" under the OCSPA. Defendants also point out that there is no confidentiality issued raised by this request because they ask only for information that is part of the public record, and that they are not asking for all information about such lawsuits, but only a listing of them.

Under Echostar's rationale, whether Mr. Ferron could have been deceived by the emails sent by these defendants is relevant to their defense of his OCSPA claims. To the extent that he has either litigated similar cases, or participated as a plaintiff in such cases, prior to the time he received these emails, there may well be evidence that he knew enough about these types of offers not to be misled or deceived by anything the defendants put in their emails. At the very least, they should be able to explore the extent of his knowledge in order to make an argument that anyone who was that familiar with these types of solicitations or advertisements could not have been deceived by them. Rather than allow (or require) Mr. Ferron to sift through these cases to determine how many of them involve issues similar to those raised here, it would be more practical simply to have him generate the list that defendants have asked for so that they can review the public records and determine what, if anything, in those records might support their defense.

## IV. Disposition and Order

Consistent with the discussion above, the discovery issues presented to the Court are resolved as follows. Within thirty days, either through stipulation or through the production of documents and/or written discovery responses, Mr. Ferron shall provide defendants with the information they have requested concerning the IP address assigned to his office email account, which other email accounts, if any, he registered with them, and

what cases he has participated in since 2000 either as counsel or a party that raise claims under the OCSPA, unless such cases involve matters completely unrelated to telephone or email advertisements or solicitations.  He need not provide any information about other email accounts he uses which were not registered with any of the defendants in this case.

V. <u>Appeal Procedure</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge